CAPE FEAR RAILWAYS, INCORPORATED, v. MARION COBB, HOWELL COBB, PARTNERS, FIRST TRADING UNDER THE NAME OF THE RALEIGH MOTOR SALES, AND SUBSEQUENTLY UNDER THE NAME OF THE RALEIGH F. W. D. SALES COMPANY, MARION COBB, INDIVIDUALLY, AND THE FOUR WHEEL DRIVE AUTO COMPANY.

(Filed 28 October, 1925.)

**1. Appeal and Error—Dismissal—Process—Fragmentary Appeal.**

An appeal may be taken from the refusal of the trial judge to set aside a judgment for lack of service of process, and the appeal is not objectionable as fragmentary.

**2. Process—Summons—Service—Principal and Agent—Statutes.**

A local agency for a foreign corporation acting as its general sales agent, and collecting and receiving money in such capacity, is of such character as to make it an agency upon which service of summons for the foreign corporation can be made under our statute, C. S., 483; but if not, valid service may be made under the provisions of and in conformity with our statute, C. S., 1137, by service of summons on the Secretary of State, etc., if it appear that the defendant is doing business in this State without appointing a local process agent.

APPEAL by The Four Wheel Drive Auto Company from *Grady, J.,* at chambers, 1 July, 1925. From CUMBERLAND.

Civil action to recover damages for false warranty, breach of contract, etc., in connection with certain gasoline railway equipment purchased by plaintiff from the appealing defendant.

In apt time The Four Wheel Drive Auto Company, through counsel, entered a special appearance and moved to dismiss the action as to it for want of jurisdiction for that it had not been brought into court by any proper service of summons.

From the overruling of this motion, the said defendant noted an exception and appealed.

*Cansler & Cansler and Dye & Clark for plaintiff.*
*Manning & Manning for defendant, Four Wheel Drive Auto Co.*

STACY, C. J.   The plaintiff, *in limine,* moved to dismiss the appeal as fragmentary in that it is from a refusal to dismiss the action for defective service of process, and relies upon the following cases as controlling authorities for its position.   *Comrs. v. Scales,* 171 N. C., p. 527; *Clements v. R. R.,* 179 N. C., 225; *Capps v. R. R.,* 182 N. C., 758.

Plaintiff's motion must be denied.   The appeal, it will be noted, is from an order overruling a motion to dismiss, not upon the ground of irregular or defective service of summons, but for an alleged failure of any valid service of process at all, resulting in a want of jurisdiction over the defendant.   *Motor Co. v. Reaves,* 184 N. C., 260.   Appeals from similar rulings were entertained in *Lunceford v. Accident Asso., ante,* 314 and *Accident Co. v. Davis,* 213 U. S., 245.   The cases cited by plaintiff are not at variance with this position.

The appeal presents the single question as to whether The Four Wheel Drive Auto Company, a foreign corporation with its principal place of business at Clintonville, Wisconsin, has been brought into the Superior Court of Cumberland County by any valid service of process. This was attempted in four ways:

1. By service of summons on Marion Cobb and Howell Cobb, trading as Raleigh F. W. D. Sales Company, general agents of The Four Wheel Drive Auto Company.   C. S., 483; *Whitehurst v. Kerr,* 153 N. C., 76.

2. By service of summons on George H. Irish, agent of The Four Wheel Drive Auto Company.

3. By warrant of attachment on funds in the hands of the Page Trust Company, trustee, it being alleged that such funds were the property of The Four Wheel Drive Auto Company, and by service of summons by publication. *Jenette v. Hovey,* 182 N. C., 30.

4. By service of summons on W. N. Everett, Secretary of State, and having him mail a true copy to the president, secretary or other officer of the corporation, it being alleged that The Four Wheel Drive Auto Company is a foreign corporation, doing business in North Carolina without complying with the provision of C. S., 1137, requiring the presence of a process officer or agent in this State. *Lunceford v. Accident Asso., supra.*

We think it is unnecessary to consider more than the first method as above set out.   It is provided by C. S., 483, that in an action against a foreign corporation, brought by a resident of this State, service of summons may be had by delivering copy to the "managing or local agent thereof."   And any person receiving or collecting money in this State for a corporation is a local agent for the purpose of this section.   It has been held that this authority to receive money is not

the only test of a local agent upon whom service of process could be made. This language was not intended to limit the service to such class of agents, but rather to extend the word "agent" to embrace them. The authority to receive money, of itself, makes one a local agent for the purpose of the statute, but this is not the exclusive test of agency. *Copland v. Tel. Co.*, 136 N. C., 12.

The defendant offers an affidavit of Marion Cobb in which he deposes and says: "That he is manager of the Raleigh F. W. D. Sales Company; that the said Raleigh F. W. D. Sales Company are distributors for the State of North Carolina for The Four Wheel Drive Auto Company of Clintonville, Wis." Note, affiant does not simply say that the Raleigh F. W. D. Sales Company is distributor in this State of the goods manufactured by the appealing defendant, but he avers that said sales company is state distributor for The Four Wheel Drive Auto Company. He who acts as distributor for another and not merely as distributor of goods manufactured by the other, acts as his agent. And while the written contract between The Four Wheel Drive Auto Company and the Raleigh F. W. D. Sales Company, dated 19 July, 1921, declares the relation between the two to be that of "manufacturer" and "dealer," it appears from the affidavit of Marion Cobb, made subsequent to the execution of this contract, that, as distributor for The Four Wheel Drive Auto Company, the Raleigh F. W. D. Sales Company acted for the appealing defendant in some, if not all, of the negotiations out of which this action arose. The decisions in *McMasters, Inc., v. Chevrolet Motor Co.*, 3 Fed. (2d), 469, and *Gile v. Interstate Motor Car Co.*, 27 N. D., 108, L. R. A., 1915 B, p. 109, cited by appellant, are not at variance with this position.

But if service on the Raleigh F. W. D. Sales Company were not sufficient, it clearly appears from the record that the appealing defendant is "doing business in this State," within its power of regulation (*Browning v. Waycross*, 233 U. S., 16), and we have held in a number of cases that a foreign corporation doing business in North Carolina without complying with the provision of C. S., 1137, requiring the appointment of a local process officer or agent, was subject to service of process, according to the terms of said section, by leaving a true copy thereof with the Secretary of State and having him mail a copy to the president, secretary or other officer of the corporation upon whom, if residing in this State, service could be made. *Lunceford v. Accident Asso., supra,* and cases there cited. So that if the Raleigh F. W. D. Sales Company be not a local agent of The Four Wheel Drive Auto Company, upon whom service of process may be had, in a suit brought by a resident of this State, then we think process in an action against the appealing defendant could be served on the Secretary of State as

provided by C. S., 1137. *Currie v. Mining Co.,* 157 N. C., 209. The plaintiff has pursued both methods in the present proceeding.

The defendant, Marion Cobb, alone moved to vacate the warrant of attachment upon the ground that the funds attached belonged to him and not to The Four Wheel Drive Auto Company, but this was over-ruled and he has not appealed. Hence, we need not consider this phase of the case. Of course, if such funds do not belong to the appealing defendant, it has no interest in the attachment proceeding.

Upon the record, we think The Four Wheel Drive Auto Company has been brought into court under valid service of summons.

Affirmed.