IVY RIVER LAND AND TIMBER COMPANY ET AL. v. NATIONAL FIRE AND MARINE INSURANCE COMPANY OF ELIZABETH, N. J.

(Filed 9 June, 1926.)

Insurance—Service—Process—Statutes—Nonresident Defendant — Secretary of State—Special Appearance—Motions—Actions—Dismissal.

> In order to a valid service of summons upon a nonresident fire insurance company for loss by fire, upon the Secretary of State, under the provisions of C. S., 6414, it is necessary that the defendant by compliance with C. S., 6415, or the other relevant sections of our statutes, C. S., 6288, 6410, 6424, 6425, 6426, 6427, has submitted itself to the jurisdiction of our courts, or become subject thereto, and where it has only been made to appear that the policy was obtained from a foreign agency for placing insurance, that the nonresident defendant had no property or agency in this State, C. S., 1137, nor had sent adjusters herein for losses at any time, and had only thus accepted other policies of insurance in one or two isolated cases, it is not sufficient evidence to sustain the service of process, and upon the defendant's special appearance and motion, the action will be dismissed.

APPEAL by plaintiffs from order of *McElroy, J.,* at April Term, 1926, of BUNCOMBE. Affirmed.

Summons in this action, issued on 21 November, 1925, by the clerk of the Superior Court of Buncombe County, was returned endorsed by the sheriff of Wake County, as follows: "Received 24 November, 1925. Served 24 November, 1925, by leaving a true copy of this summons with W. N. Everett, Secretary of State, for the State of North Carolina." The Secretary of State transmitted, by mail, the said copy to defendant, at Elizabeth, New Jersey.

Plaintiffs are corporations, created and existing under the laws of North Carolina, each having its principal office and place of business in the city of Asheville, in said State; defendant is a corporation, created and existing under the laws of New Jersey, having its principal office and place of business in city of Elizabeth, in said state.

On 7 November, 1924, defendant issued a policy of insurance, by which it insured plaintiffs against loss or damage by fire to certain

property located in Buncombe County, North Carolina; said policy was applied for, on behalf of plaintiffs, by Perry & Parker Co., Inc., New York brokers; it was executed and delivered in the State of New Jersey; the premium on said policy was paid to defendant in said state. The property insured by said policy was destroyed by fire on 19 December, 1924, and this action was begun to recover the value of said property, in accordance with the provisions of said policy.

Defendant has sent no adjusters into the State of North Carolina. It has not designated or appointed any agent, or other person within the State of North Carolina, upon whom process may be served. Defendant has never been admitted or licensed to do business in the State of North Carolina; it has no office or property of any kind in said state; nor has it any officers, directors, agents, or adjusters therein.

On 5 May, 1924, defendant issued a policy of insurance by which it insured the French Broad Flooring Company, then engaged in operating a flooring plant in Buncombe County, North Carolina, against loss or damage by fire to its property located in said county and state; said company paid and defendant received the premium on said policy, which remained in force and effect, according to its terms, for one year; at the expiration of said policy, defendant offered to renew it, but said company refused to accept such renewal.

On 31 December, 1925, defendant issued a policy of insurance by which it insured the Williams-Brownell Planing Mill Company, then engaged in operating a planing mill in Buncombe County, North Carolina, against loss or damage by fire to its property located in said county and State; said policy is now, according to its terms, in full force and effect.

The above recited facts having been made to appear to the court by affidavits, upon the hearing of defendant's motion, made upon its special appearance for that purpose, that the court strike out the return of the service of the summons in this action, and thereupon dismiss the action, and the court, upon consideration of all the affidavits, and the complaint filed in the cause, having found as a fact that defendant was not doing business in the State of North Carolina, it was ordered and adjudged that the return of the service of the summons in the action be stricken out, and that the action be dismissed for want of proper service of summons. From this order, plaintiff appealed.

*Merrick, Barnard & Heazel and Mark W. Brown for plaintiffs.*
*Jones, Williams & Jones for defendant.*

CONNOR, J. Defendant is a foreign insurance company, engaged in the fire insurance business. It has not been admitted or authorized to do

business in this State, according to the laws thereof. Service of summons or other legal process cannot, therefore, be made upon defendant, as provided in C. S., 6414 and 6415. No summons in this action has been served upon the Insurance Commissioner of this State, for the reason that plaintiffs do not contend that defendant has been admitted or authorized to do business in the State, under the provisions of C. S., chap. 106, Art. 16.

Defendant is, however, a corporation, incorporated under the laws of another state. It has no property in this State; it has no officer or agent in the State, upon whom process against it may be served. Plaintiffs contend, however, that it was doing business in this State, and, therefore, that under C. S., 1137, summons in this action against defendant may be served upon the Secretary of State by leaving a true copy thereof with him. Defendant admits that a copy of the summons, served on the Secretary of State, was mailed to it, at its office in the city of Elizabeth, New Jersey, and there received by it, but denies that it was doing business in the State of North Carolina, on the date of the issuance of the summons, or on the date of the issuance of the policy, upon which this action is founded.

The insured are citizens of North Carolina; the property insured against loss or damage by fire was located in North Carolina at the time the policy was issued, and also at the time it was destroyed by fire. The application for the policy, however, was made by a broker, engaged in business in New York, to the defendant, at its home office, in the State of New Jersey; the policy was issued, and the premium was paid in said State. The policy was not procured through any officer or agent of defendant in North Carolina or through any person in said State acting in its behalf. Defendant did not negotiate with insured, with respect to said policy through any person in this State. It has sent no adjuster or other agent into this State, since the destruction of the property insured by fire. Defendant has never expressly consented to be sued in the courts of North Carolina; there is no evidence of conduct, on its part, either before or since the issuance of the policy, from which such consent may be implied, unless it appears from the evidence submitted to the court, upon the hearing of defendant's motion, that defendant was doing business in the State within the meaning of C. S., 1137. The court found as a fact that defendant was not doing business, in the State and, therefore, held that the court had not acquired jurisdiction of defendant in this action by service of the summons upon the Secretary of State for North Carolina, and dismissed the action. In this, we find no error.

The validity of the service of summons in an action, instituted in the courts of this State against a foreign, or nonresident corporation, upon the Secretary of State, where it was contended that such corpora-

tion was doing business in this State, and that therefore the service upon the Secretary of State was valid, has been considered recently by this Court in *Lunceford v. Association,* 190 N. C., 314 and in *R. R. v. Cobb,* 190 N. C., 376. Upon the facts in each of these cases, it was held that the nonresident corporation was doing business in the State, and that the service was valid.

In the former case, it was found as a fact by the trial court, and embodied in the judgment that "defendant issues and delivers contracts of insurance to residents of this State, and collects from those insured by it in this State the annual dues and assessments agreed to be paid by the insured. An application of a resident of this State to defendant for insurance is dated at the postoffice address of the resident applicant, is also signed by the resident applicant and the applicant is recommended by a resident already insured by defendant and called a member of defendant's association. The application is signed by the member who recommended the applicant and the acceptance of the application also shows the postoffice address of such recommending member, and if and when a certificate or contract of insurance is issued and delivered to the applicant upon such application, the contract of insurance so issued and delivered makes the application therefor a part of the said contract of insurance."

In the latter case, it is said in the opinion of the Court, written by *Stacy, C. J.,* "It clearly appears from the record that the appealing defendant (*i. e.* the foreign corporation) is 'doing business in this State.'" The record discloses that a resident corporation, a party defendant to the action, was the distributor in North Carolina of the nonresident or foreign corporation, and not merely a distributor of the articles manufactured by it; and that said resident corporation, through its officer, acted for the nonresident corporation, in some, if not all, of the transactions in this State out of which the action arose. It thus appeared that the foreign corporation was doing business in this State through an agent in this State.

These two cases are clearly distinguishable from the instant case. In the instant case, the foreign corporation had no agent or other person acting in its behalf within the State of North Carolina. It would be a strained construction of the facts in this case, to hold that defendant came to North Carolina, and by transacting business here, submitted itself to the jurisdiction of the courts of this State. Defendant was expressly forbidden by the law of this State to make any contract of insurance within this State upon or concerning property in this State, or with any resident of this State. C. S., 6288. No action could be maintained upon such contract or policy for fire insurance in the courts of this State. C. S., 6424. Plaintiffs, citizens of this State, had not procured

license from the Insurance Commissioner of the State as provided in C. S., 6425, authorizing them to procure a policy of insurance from a foreign fire insurance company, not admitted or authorized to do business in this State.

The fact that defendant issued two other policies of fire insurance to residents of this State, upon property located in the State, is not determinative of the question involved in plaintiff's appeal. It does not appear that either of these policies—one issued before and the other subsequent to the issuance of the policy to plaintiffs—was issued in North Carolina, or through an agent or other person in the State. Nothing else appearing, we must conclude that these policies were issued under the same circumstances as those under which the policy was issued to plaintiffs. It cannot be held that the issuance of one or more policies of fire insurance, by a corporation, created and existing under the laws of another State, and not authorized to do business in this State, insuring citizens of this State against loss or damage by fire to property situate in this State, the contracts for such policies having been made, and the premiums having been paid in the State in which the foreign corporation has its principal office and place of business, not by or through any agent of such corporation or person authorized to act for it in this State, constitutes "doing business" in the State of North Carolina within the meaning of these words in C. S., 1137.

In determining the question whether a foreign corporation is doing business within a State, so as to be subject to its jurisdiction, and, to the end that such jurisdiction may be exercised, subject to service of process from its courts, in accordance with statutory provisions for such service, it has been generally held that the foreign corporation must have entered the State, in which process is sought to be served, in order that jurisdiction may be exercised therein for the purpose of carrying on its business in said State, and must have been within the State during the time such business was transacted. As a corporation may act only by its officers, agents or other persons authorized to act for it, or in its behalf, the presence within a state of such officers, agents or other persons, engaged in the transaction of the corporation's business therein, is generally held as determinative of the question. But no all-embracing rule as to what is "doing business" has been laid down. The question is one of fact, and must be determined largely according to the facts of each individual case, rather than by the application of fixed, definite and precise rules. In the last analysis, the question is one of due process of law under the Constitution of the United States. 14a C. J., 1372, sec. 4079. See *Alto v. Hartwood Lumber Co.* (Wash.) 237 Pac., 987.

It is the policy of this State, as shown by its statute law, to protect its citizens, who wish to insure their property, in this State against

loss or damage by fire, by making it unlawful for any insurance company to make any contract of insurance upon or concerning property in this State, unless and except such company is authorized to make such contract under the laws of the State. C. S., 6288. No action may be maintained in the courts of this State upon a contract or policy of fire insurance issued upon property in this State by any company not authorized by law to transact insurance business in this State. C. S., 6424. Provision is made by law for the admission of foreign insurance companies to do business in this State. C. S., 6410 *et seq.* Citizens of the State, who find themselves unable to procure protection for their property from the hazard of fire in companies authorized to do business in the State, may, upon complying with the provisions of C. S., 6425, be permitted to procure policies of fire insurance from companies not authorized to do business in the State. Five per cent of the premiums paid for such policies shall be deducted by the insured, and remitted to the Insurance Commissioner of the State, and paid by him to the State Treasurer. C. S., 6427. If any person licensed to procure insurance from an unauthorized foreign company fails to comply with the statute, under which he is authorized to procure such insurance, he shall be guilty of a crime. C. S., 6426.

The facts in the instant case, in which we affirm the order of the court below, upon its holding that defendant was not doing business in this State, are quite different from those upon which it was held in *Penn L. M. F. Ins. Co. v. Meyer,* 197 U. S., 407, 49 L. Ed., 801, that the plaintiff in error, a Pennsylvania corporation, was doing business in the State of New York. In both cases, it is true, the policies of fire insurance were issued in the states in which the insurance company was incorporated; the insured in both cases were residents of other states in which the actions were brought upon the policies, for loss or damage by fire to property situate in said states. In the latter case, nearly one-third of the fire risks assumed by the Pennsylvania Company were within the State of New York; in the instant case, only three policies had been issued by defendant, insuring residents of North Carolina against loss upon property situate in said State; thus showing that the Pennsylvania Company was engaged generally in the business of insuring property in New York, whereas the transactions of defendant with citizens of this State with respect to property therein were occasional and sporadic. It has been held that a single isolated transaction does not constitute a doing of business within the State; in only a few jurisdictions has it been held otherwise. 14a C. J., 1373. Applications for policies were sent through the mail by residents of New York to the company, at its home office in Philadelphia; policies, executed in Philadelphia, by the company, were delivered by mail to the person insured, in New York. In

the instant case the policies were applied for, issued and delivered in New Jersey. No adjusters have been sent by defendant into this State, where this action was instituted, whereas it is found as a fact in the case cited and relied upon by appellants that the Pennsylvania Insurance Company had sent adjusters into the State of New York, relative to claims made by residents of that State under policies issued by the company upon property situate there.

In support of this decision, the following authorities are cited and relied upon: *Minn. Com. Men's Association v. Benn,* 261 U. S., 140, 67 L. Ed., 573; *Hunter v. Mutual Reserve Life Ins. Co.,* 218 U. S., 573, 54 L. Ed., 1155; *Allgeyer v. Louisiana,* 165 U. S., 578, 41 L. Ed., 832, 14a C. J., p. 1379, sec. 4089 *et seq.,* and cases cited, 21 R. C. L., p. 1340, sec. 91 and cases cited.

Plaintiffs having elected to procure a policy of insurance on their property in this State from a foreign insurance company which had not sought admission into this State, under its laws, and which had not entered the State for the transaction of its business, and thereby subjected itself to its jurisdiction, cannot complain that the courts of this State have not acquired jurisdiction of said company by the service of the summons in this action, to enforce their claim under said policy. The order must be

Affirmed.