COMMERCIAL INVESTMENT TRUST, Inc., v. FRANK GAINES AND DAVID GAINES, JOHN P. BISHOP, REX F. BISHOP AND JOHN F. FULTON, Trading as THE MOTOR COMPANY.

(Filed 23 February, 1927.)

**Actions—Foreign Corporations—Statutes—Doing Business in This State —Principal and Agent—Evidence.**

Evidence that a nonresident defendant corporation engaged in the business of purchasing in its state of residence lien notes from automobile dealers in this State taken by the latter from purchasers of automobiles,

is not alone sufficient to bring it within the intent and meaning of C. S., 1181, requiring as a prerequisite to doing business here the filing of a copy of its charter, etc.

APPEAL by defendants from judgment of Superior Court of GUILFORD, at April Term, 1926, before *Shaw, J.* No error.

Action to recover amount due on note executed by defendants Frank Gaines and David Gaines, payable to their codefendants, trading as The Motor Company, or order. Plaintiff, a corporation organized under the laws of the State of New York, is now the holder of said note. Payment of said note was guaranteed in writing by defendants John P. Bishop, Rex F. Bishop, and John F. Fulton, as individuals, prior to the purchase of the note by plaintiff.

Defendants deny liability on said note; they contend that plaintiff, a foreign corporation, having failed to comply with statutes relative to foreign corporations doing business in this State, cannot maintain this action. David Gaines having died since the commencement of the action, plaintiff submitted to a nonsuit as to him.

The issue submitted to the jury was answered as follows:

"Are the defendants indebted to plaintiff, and if so, in what amount? Answer: Yes; $198.04, with interest from 30 September, 1924."

From judgment upon this verdict, defendants appealed to the Supreme Court.

*Shuping & Hampton for plaintiff.*
*H. R. Stanley for defendants.*

CONNOR, J. Plaintiff is a corporation, organized under the laws of the State of New York, with its principal office and place of business in said state. Defendants are citizens and residents of the State of North Carolina.

On 30 August, 1924, defendants Frank Gaines and David Gaines, at Greensboro, N. C., executed their promissory note, negotiable in form, by which they promised to pay to The Motor Company, or order, the sum of $245.04, in accordance with the terms set out therein. The Motor Company is a partnership, engaged in business as a dealer in automobiles at Greensboro, N. C., and composed of defendants John P. Bishop, Rex F. Bishop, and John F. Fulton. The consideration of said note was the balance due on the purchase price of an automobile sold by The Motor Company to the makers of said note.

Plaintiff purchased the said note from The Motor Company, in due course of business. Prior to said purchase, John P. Bishop, Rex F. Bishop, and John F. Fulton, in writing, guaranteed its payment. Certain payments, made on said note, have been duly credited; the balance due, at the commencement of this action, was $198.04.

With respect to defendant's contention that plaintiff, a foreign corporation, could not maintain the action for that it had not complied with the provisions of C. S., 1181, and therefore under the provisions of subsection 16, section 82, ch. 34, Public Laws 1921, the transaction upon which plaintiff relies for its right of action, is wholly void, the court instructed the jury as follows:

"There is an interesting question of law in this case, gentlemen, but after considering the argument of counsel and hearing the authorities read, the court is of the opinion that there is not sufficient evidence to go to the jury that plaintiffs engaged in business in North Carolina."

Defendants excepted to this instruction, and assign same as error.

It has been generally held that a foreign corporation cannot be held to be doing business in a state, and therefore subject to its laws, unless it shall be found as a fact that such corporation has entered the state in which it is alleged to be doing business, and there transacted, by its officers, agents, or other persons authorized to act for it, the business in which it is authorized to engage by the state under whose laws it was created and organized. The presence within the state of such officers, agents, or other persons, engaged in the transaction of the corporation's business with citizens of the state, is generally held as determinative of the question as to whether the corporation is doing business in the state. *Timber Co. v. Ins. Co.,* 192 N. C., 57, 133 S. E., 424; *R. R. v. Cobb,* 190 N. C., 375; *Lunceford v. Association,* 190 N. C., 314.

"The general rule is that when a foreign corporation transacts some substantial part of its ordinary business in a state, it is doing, transacting, carrying on, or engaging in business therein, within the meaning of the statutes under consideration." 14a C. J., p. 1270, sec. 3977.

The evidence in the instant case tends to show that plaintiff is engaged in the business of purchasing notes, executed by purchasers of automobiles, in part payment of the purchase of, and secured by liens or chattel mortgages on the automobile purchased; that these notes are purchased from dealers, residing and doing business in states other than New York; that the notes offered for sale by said dealers are sent to plaintiff in New York, and there purchased or rejected as plaintiff may determine in each instance; that said notes are payable in New York, at the offices of plaintiff.

There is no evidence that any officer, agent or other person has purchased such note in the State of North Carolina, or has ever come into said State for the purpose of purchasing such notes. There was evidence that plaintiff has purchased many notes from dealers, residing and doing business in North Carolina, all such notes, however, having been purchased in New York; there was also evidence that plaintiff has brought

suits to recover upon notes not paid by the makers at maturity, and in some instances to recover possession of the automobile upon which there was a lien for the note.

It is well settled that the bringing of actions by a corporation created and organized under the laws of one state, in the courts of another state, to enforce collection of debts alleged to be due to such corporation from citizens and residents of the latter state, or the engaging in litigation with citizens and residents of such state, in its courts, does not constitute "doing business" in said state, within the meaning of statutes similar to that invoked by defendants in support of their contention that plaintiff, a foreign corporation, cannot maintain this action, because it is doing business in this State, without having complied with the provisions of C. S., 1181, 14a C. J., p. 1276, sec. 3983.

We concur in the opinion of the learned judge who presided at the trial of this action in the Superior Court, that there was no evidence from which the jury could find that plaintiff was doing business in this State.

The provision contained in subsection 16, section 82, ch. 34, Public Laws 1921, which also appears in subsection 15, section 89, ch. 4, Public Laws 1923, does not apply to the plaintiff in this action for the reason that although plaintiff, a nonresident corporation, has not complied with C. S., 1181, it is not doing business in this State. It may be noted that said provision does not appear in subsection 15, section 89, ch. 101, Public Laws 1925. The General Assembly has eliminated this provision from the statute entitled "An act to raise revenue." We do not therefore consider the many interesting questions discussed in the briefs filed in this Court. They are not material to the disposition of this appeal, and need not be discussed or decided. The assignment of error relied upon by appellants cannot be sustained. The judgment is affirmed. There is

No error.