S. W. RUARK ET AL. v. VIRGINIA TRUST COMPANY.

(Filed 23 May, 1934.)

Process B d—Held: defendant corporation was doing business in this
State for purpose of service of process under C. S., 1137.

A foreign banking corporation without process agent in this State,
which is named as trustee in a number of deeds of trust on properties
in this State, forecloses them upon default, and sends its agents here for
the purpose of investigating and looking after the properties in its
capacity as trustee, does business in the State for the purpose of service of
process on it under C. S., 1137, by service on the Secretary of State, "doing
business in this State" as used in the statute meaning engaging in,
carrying on, or exercising in this State some of the functions for which
it was created.

APPEAL by defendant from Harris, J., at December Term, 1933, of
WAKE.

Service of summons was made by leaving copy with the Secretary
of State and having him mail same to the president of the Virginia
Trust Company, it being alleged that the defendant, a foreign corpora-
tion, has property or is doing business in this State without complying
with the provisions of C. S., 1137.

The defendant, through its counsel, entered a special appearance and
moved to dismiss the action for want of proper service.

Upon the hearing of this motion, the clerk found the following facts:

1. That the defendant is a foreign corporation, without process agent
in this State, and is engaged in conducting a general banking, trust
and fiduciary business at Richmond, Va.

2. That during the period from 1927 to 1933, the defendant was
named as trustee in more than 100 deeds of trust creating liens on
property situate in Wake and Franklin counties, North Carolina; that
under said deeds of trust the defendant was vested with title to the
properties described therein, authorized to take possession thereof, col-
lect rents, and foreclose in case of default, etc.

3. That the defendant has exercised the power of sale in a number of
said deeds of trust, reported same to the clerk of the Superior Court,
and sent its agents into the State for the purpose of investigating and
looking after said properties in its capacity as trustee.

4. That the defendant was and is engaged in a trust and fiduciary
business in this State in the manner aforesaid.

5. That the defendant has property in this State consisting of certain
dividends in the hands of plaintiffs.

Upon these, the facts chiefly pertinent, the motion to dismiss for want
of proper service was overruled. Defendant appeals, assigning error.

---

RUARK *v.* TRUST CO.

---

*Robert Ruark for plaintiffs.*
*Thos. W. Ruffin for defendant.*

STACY, C. J. It is provided by C. S., 1137 that every corporation, domestic or foreign, having property or doing business in this State, shall have a process officer or agent in the State upon whom service can be had in all actions or proceedings against it. It is further provided that upon failure to name such process officer or agent, service may be had upon the corporation by leaving a true copy of the process with the Secretary of State, who is required to mail the same to the proper officer of the corporation. And in case of a foreign corporation having property or doing business in this State without appointing a process officer or agent as required by this section, we have held that valid service of process may be had upon such corporation by leaving copy thereof with the Secretary of State, as well as by service upon officers and agents of such corporation under the general provisions of C. S., 483. *Lunceford v. Association,* 190 N. C., 314, 129 S. E., 805; *Steele v. Tel. Co., ante,* 220.

It is conceded that the Virginia Trust Company, a foreign corporation and defendant herein, has no process officer or agent in this State upon whom service of process may be had. The question then occurs: Is the defendant doing business in this State, or does it have property here, so as to render it amenable to process under the provisions of C. S., 1137?

A similar fact situation appeared in the case of *Reich v. Mortgage Corporation,* 204 N. C., 790, 168 S. E., 814, where the ruling "that the defendant owns property and is doing business in this State" was upheld as a matter of course. The same conclusion seems to be well supported in the instant case. *Railway v. Alexander,* 227 U. S., 218; *R. R. v. Cobb,* 190 N. C., 375, 129 S. E., 828; *Currie v. Mining Co.,* 157 N. C., 209, 72 S. E., 980.

The expression "doing business in this State," as used in C. S., 1137, means engaging in, carrying on, or exercising, in this State, some of the things, or some of the functions, for which the corporation was created. 14 C. J., 1270.

The cases of *Commercial Trust v. Gaines,* 193 N. C., 233, 136 S. E., 609, and *Timber Co. v. Ins. Co.,* 192 N. C., 115, 133 S. E., 424, cited and relied upon by appellant, are easily distinguishable. The ruling will be upheld.

Affirmed.