This action was begun by a summons duly issued on 21 October, 1933, by the clerk of the Superior Court of Forsyth County. This summons was served by the sheriff of Wake County, North Carolina, on 25 October, 1933, on Stacey W. Wade, Secretary of State of North Carolina, under the provisions of C. S., 1137, and duly returned showing such service. The complaint was duly filed on 10 November, 1933.
It is alleged in the complaint that the plaintiff is a resident of Forsyth County, North Carolina, and, on information and belief, that the defendant is a corporation organized and existing under and by virtue of the laws of the State of Alabama, with its principal office and place of *Page 51 
business in the city of Birmingham, in said State, and that said defendant is now and was at all times mentioned in the complaint doing business in the State of North Carolina.
On the facts alleged in the complaint, the plaintiff demands judgment that he recover of the defendant large sums of money as damages for its breaches of the contracts between plaintiff and defendant, as alleged in the complaint.
In apt time a motion was made in the action on behalf of the defendant, which is in writing and is as follows:
"Now comes the defendant Tennessee Coal, Iron and Railroad Company, by its attorneys appearing specially for the purpose of this motion only, and for no other purpose whatsoever, and moves:
"1. That this court quash, set aside, and hold for naught the pretended service of summons upon said defendant, and the return of said service;
"2. That this court dismiss this action.
"As grounds of this motion, the defendant says:
"1. That the defendant Tennessee Coal, Iron and Railroad Company is a corporation, organized and existing under and by virtue of the laws of the State of Alabama, with its principal place of business in Birmingham, Alabama.
"2. That the defendant is not now, and was not at the time of the said pretended service of summons, nor at any mentioned time prior thereto, doing business in the State of North Carolina; that it has never come into the State of North Carolina for the purpose of doing business therein; that it has no property in the State of North Carolina; that it has no qualified agent therein upon whom service can be had, nor, as it is informed and believes, is it necessary for it to have any such agent; that it has never been licensed to do business within the State of North Carolina; that it has never complied with any of the statutes of the State of North Carolina relative to a foreign corporation doing business in North Carolina; and that it has never sought, through compliance with said statutes, or any of them, to do business in the State of North Carolina.
"3. That said defendant was not at the time of said pretended service found within said State of North Carolina, is not amenable to service of process within the State of North Carolina, and has not waived due service of summons herein by voluntary appearance or otherwise.
"4. That this court has no jurisdiction by reason of said pretended service of summons upon the Secretary of State of North Carolina, or by reason of said return thereon.
"5. That the pretended service of summons upon this defendant being improper and insufficient, as above stated, the Superior Court of Forsyth County, North Carolina, from which court summons was issued, never *Page 52 
acquired and does not now have by reason of said pretended service jurisdiction over said defendant; and that as said defendant is not doing business in North Carolina, and has no property in North Carolina, service of summons upon the Secretary of State of North Carolina cannot be had so as to give this court jurisdiction over the defendant Tennessee Coal, Iron and Railroad Company.
"In support of this motion, defendant will offer affidavits herein and hereon.
 "CRAIGE CRAIGE, RATCLIFF, HUDSON FERRELL, Attorneys for Defendant."
At the hearing of the foregoing motion evidence was offered by both the defendant and the plaintiff in support of their respective contentions. On the facts found from all the evidence the court was of opinion, and held, that the defendant is not now and was not at the date of the service of the summons in this action upon the Secretary of State of North Carolina doing business in the State of North Carolina, and accordingly ordered and adjudged that the service of summons be quashed, set aside, and vacated, and that the action be dismissed.
From judgment dismissing the action the plaintiff appealed to the Supreme Court, assigning as error the finding by the court that the defendant is not now and was not at the date of the service of summons in the action doing business in this State, and the failure of the court to find that the defendant is now and was at the date of the service of the summons doing business in this State.
Conceding without deciding that there was evidence at the hearing of defendant's motion in this action tending to show that the defendant, a foreign corporation, was doing business in this State at the time the summons in this action was served on the Secretary of State of North Carolina, under the provisions of C. S., 1137, we find in the record ample evidence to the contrary. For that reason, the findings of fact made by the court from all the evidence, and fully set out in the order, are conclusive and not subject to review by this Court. Lumber Co. v. Finance Co.,204 N.C. 285, 168 S.E. 219, and cases cited in the opinion in that case. *Page 53 
On the findings of fact, which are supported by evidence appearing in the record, there was no error in the order that the service of the summons be quashed, set aside and vacated, or in the judgment dismissing the action. Timber Co. v. Insurance Co., 192 N.C. 115, 133 S.E. 424. SeeLunceford v. Commercial Travelers Mutual Accident Association, 190 N.C. 314,129 S.E. 805.
The judgment is
Affirmed.