RADIO STATION WMFR, INC., v. EITEL-McCULLOUGH, INC.

(Filed 9 June, 1950.)

1. **Appeal and Error § 40d—**

While findings of fact supported by the evidence are conclusive on appeal, inferences or conclusions of law therefrom are reviewable.

2. **Process § 8d—**

Whether a corporation is "doing business" in this State within the purview of G.S. 55-38 is an inference of law and of fact to be drawn from the specific facts found, and is subject to review on appeal.

3. **Same—Foreign corporation held not doing business in this State so as to subject it to service by service on Secretary of State.**

Findings that a foreign corporation, engaged in the business of manufacturing certain goods and selling them direct to retail distributors in this State, maintained a sales representative here to aid in promotion of sales to dealer representatives and facilitate sales directly to customers in company with dealer representatives, and an agent to investigate complaints by purchasers who is without authority to compromise or adjust them, its established procedure being for the customer to return defective merchandise directly to the corporation, and also an agent here to facilitate the collection of delinquent or slow accounts owed by dealer representatives, without evidence that such agent had authority to collect or receive money on behalf of the corporation, *held* insufficient to support the conclusion that it was doing business in this State for the purpose of service of summons under G.S. 55-38.

DEFENDANT's appeal from *Bennett, Special Judge,* February 1950 Term of GUILFORD Superior Court (High Point Division).

The plaintiff began this action in the Superior Court of Guilford County against the defendant, a foreign corporation, to enforce the written guarantee of filament tubes furnished the plaintiff through a local dealer.

The defendant not having appointed any agent in the State upon whom service of process might be obtained, plaintiff made service upon the Secretary of State pursuant to the provisions of G.S. 55-38. Defendant's

counsel made a special appearance and moved to dismiss the action for want of service.

The court below made the following findings of fact:

"(1) That the defendant is a foreign corporation, domesticated under the laws of the State of California and that said corporation is doing business in the State of North Carolina and at the time of the service of summons was doing business within said state.

"(2) That service of process was originally had upon Thad Eure, Secretary of State of North Carolina, and that the defendant has not designated an agent within the State of North Carolina on whom service may be had.

"(3) That the defendant is engaged in the manufacture for sale in wholesale lots of filament tubes for use in radio transmitting equipment; that defendant has designated six dealer representatives in various cities in North Carolina as exclusive outlets for the sale of said tubes in North Carolina; that said dealer representatives are engaged in the sale of said tubes and in the sale of products of other manufacturers.

"(4) That the defendant encloses in each carton in which tubes are packed in California and shipped to dealers in North Carolina a written guarantee for one year from the date of purchase or 1000 hours of filament life, whichever is earliest, and that said guarantee is contained in the original sealed carton and thus delivered to purchasers in North Carolina; that local dealer representatives, in making sales of said tubes, call attention of customers to the presence of said written guarantee and absolve themselves of personal liability as to quality of each tube.

"(5) That during the year 1948, in consideration of said written guarantee, plaintiff purchased a quantity of said tubes in North Carolina from two of said six local dealer representatives.

"(6) That there is a continuous solicitation of orders from customers carried on by the defendant through local dealer representatives and that said defendant employs a sales representative who travels in North Carolina to aid in promotion of sales to dealer representatives and to facilitate sales directly with customers in company with said dealer representatives; that defendant further employs the services of an agent whose duty among others is to investigate complaints by customers in North Carolina regarding inferior tubes manufactured by defendant.

"(7) That ordinarily tubes are shipped from the defendant in California directly to local dealer representatives but sometimes are shipped directly to customers.

"(8) That among other provisions said aforesaid written guarantee contains an outline of procedure to be followed by a customer in returning defective tubes to defendant, which outlined procedure requires

RADIO STATION v. EITEL-MCCULLOUGH.

return directly to the defendant by railway express and subsequent re-shipping direct to customer by defendant.

"(9) That the defendant employs an agent or agents who facilitate the collection of delinquent or slow accounts owed by local dealer representatives in North Carolina to defendant through personal contact therewith.

"(10) That the defendant does not deal directly with the customer in so far as collection of price of tubes is concerned.

"Upon the foregoing facts the court being of the opinion that the defendant corporation is doing business within the State of North Carolina within the meaning and intent of G.S. 55-38, and the court so finds as a fact as aforesaid."

Upon such findings the court below denied the motion of defendant's counsel and overruled the special appearance. From the judgment defendant, through counsel, appealed; the only assignment of error being "that the court erred in rendering the judgment set out in Record."

Counsel for defendant in the case upon appeal conceded that the findings of fact contained in the judgment were supported by sufficient competent evidence and upon such concession and by agreement the evidence offered by the parties was omitted from the record.

*Harriss H. Jarrell for plaintiff, appellee.*

*B. L. Herman and E. F. Upchurch, Jr., for defendant, appellant.*

SEAWELL, J. If the findings of fact are supported by the evidence they are as conclusive as the verdict of a jury and are not subject to review. *Matthews v. Fry,* 143 N.C. 384, 55 S.E. 787; *Cox v. Boyden,* 175 N.C. 368, 95 S.E. 548; *Tyer v. Lumber Co.,* 188 N.C. 268, 124 S.E. 305; *Tinker v. Rice Motors, Inc.,* 198 N.C. 73, 150 S.E. 701; *Lumber Co. v. Finance Co.,* 204 N.C. 285, 168 S.E. 219; *Brown v. Coal Co.,* 208 N.C. 50, 178 S.E. 858. But this principle does not preclude the review of inferences or conclusions of law. *Power Co. v. Moses,* 191 N.C. 744, 133 S.E. 5.

In the case at bar the objection made was not that the facts found are not supported by the evidence but that the facts found and incorporated in the judgment do not support the judgment itself. In this case the court was passing on the single question as to whether service of summons upon the Secretary of State was valid and the objection was pointed to the single question of law and fact, to be inferred from the more specific findings of fact, as to whether the defendant was doing business in this state. The finding of fact number one is obviously an inference drawn from the more specific facts found in the other numbered paragraphs and the validity of its finding and conclusion of law rests within their

compass. It remains only to be seen if the findings of fact are sufficient to sustain the ruling of the court below.

*Justice Conner,* in *Commercial Trust v. Gaines,* 193 N.C. 233, 136 S.E. 609, stated: "It has been generally held that a foreign corporation cannot be held to be doing business in a state, and therefore subject to its laws, unless it shall be found as a fact that such corporation has entered the state in which it is alleged to be doing business and there transacted, by its officers, agents or other persons authorized to act for it, the business in which it is authorized to engage by the state under whose laws it was created and organized. The presence within the state of such officers, agents or other persons, engaged in the transaction of the corporation's business with citizens of the state, is generally held as determinative of the question as to whether the corporation is doing business in the state."

In *Ruark v. Trust Co.,* 206 N.C. 564, 174 S.E. 441, *Stacy, C. J.,* states the rule in this way: "The expression 'doing business in this state,' as used in C.S. 1137 (now G.S. 55-38), means engaging in, carrying on or exercising, in this State, some of the things, or some of the functions, for which the corporation was created."

What, then, has the defendant done to bring itself within the rule expressed in *Commercial Trust Co. v. Gaines, supra,* and *Ruark v. Trust Co., supra?*

A careful perusal of the findings of fact reveals that the defendant, a foreign corporation domesticated under the laws of the State of California, is engaged in the manufacture, for sale in wholesale lots, of filament tubes and that it has chosen to sell its products in North Carolina to six exclusive retail outlets designated "dealer representatives." These retail outlets in turn sell the product to consumers. That such is true is borne out by the finding that the defendant employs a sales represenative to aid in promotion of sales to the so-called "dealer representatives" and an agent to facilitate the collection of delinquent or slow accounts owed by the dealer representatives. That the dealer representatives are not agents of the defendant and that the defendant is not doing business in this state because of any acts of such dealer representatives is most apparent. We believe the rule laid down by *Stacy, C. J.,* in *R. R. v. Cobb,* 190 N.C. 375, 129 S.E. 828, to be most apt: "He who acts as distributor for another and not merely as distributor of goods manufactured by the other, acts as his agent." And the finding that there is a continuous solicitation of orders carried on by the defendant through such dealer representative is repugnant to the other findings.

The defendant employs a sales representative who travels in North Carolina to aid in promotion of sales to dealer representatives and to facilitate sales directly with customers in company with such dealer representatives. Ordinarily the tubes are shipped from the defendant in

California directly to local dealer representatives, but sometimes are shipped directly to customers.

This Court held in *Plott v. Michael,* 214 N.C. 665, 200 S.E. 429, that the presence in this State of a travelling salesman of a foreign corporation who merely took orders subject to approval at the home office of the corporation for goods to be subsequently shipped into the state did not constitute doing business in the state on the part of the corporation. Such ruling has universal acceptance. *Green v. Chicago B. & Q. R. Co.,* 205 U.S. 530; *International Shoe Co. v. Lovejoy,* 257 N.W. 576; *Locke v. American Distilling Co.,* 97 F. 2d 297; 18 Fletcher's Cyclopedia Corporations, sec. 8718; 20 C.J.S., sec. 1920 (8); 23 Am. Jur., sec. 38.1. But here the scope of activity of the employee of the defendant appears to be even more restricted.

The defendant employs the services of an agent to investigate complaints by customers in North Carolina regarding inferior tubes manufactured by defendant. It does not appear that he is vested with any authority to compromise or adjust any matter or to deal with the customer in any way except to acquire information upon which the defendant may or may not act. Indeed, the defendant encloses in each carton of its product a written guarantee, such guarantee containing an outline of procedure to be followed by a customer in returning defective tubes to defendant. Such procedure requires return of the tubes directly to the defendant by railway express and subsequent reshipping directly to the customer by the defendant.

Lastly, the defendant employs an agent or agents who facilitate the collection of delinquent or slow accounts, owed by the dealer representatives in North Carolina, through personal contact. We must assume that the word "facilitate," defined by Webster to mean "to make easy or less difficult; to free from difficulty or impediment," was used advisedly by the court below and that in fact such employee had no authority to act for the defendant beyond the scope of facility, and did not collect or receive money, on behalf of the defendant, from the debtor.

"To give the courts of a state jurisdiction *in personam* over a foreign corporation, otherwise than by voluntary appearance, it is essential that it not only be doing business, either intrastate or interstate, within the state, but that such business which the corporation is conducting in the state be a part of that for which it was organized and not a mere incident thereto." 18 Fletcher Cyclopedia Corporations, sec. 8714, n. 20, and cases cited thereunder.

In *Oyler v. J. P. Seebury Corporation,* 29 F. Supp. 927, a case markedly similar to this, the Court, in sustaining the motion of defendant to quash service and dismiss the suit, said: "An ineffectual is not changed to an effectual by being joined with another ineffectual. A non-resident

corporation does not hazard its isolation by doing permitted things in an outside state, even though there are several of them."

. We think that this succinctly states the proposition at hand. Mere incidental services not substantially of the character of the business carried on by the defendant is not of the nature to subject it to the control and regulation of the state law or to invoke state law for its protection or to bring it within the pale of the statute which makes "doing business" in this state essential to its application.

It follows that the service of summons cannot be sustained as valid, and the judgment is, therefore,

Reversed.