64 S.E.2d 415 (1951)
233 N.C. 407
TROY LUMBER CO.
v.
STATE SEWING MACH. CORP.
No. 378.
Supreme Court of North Carolina.
April 11, 1951.
*418 David H. Armstrong, Troy, for plaintiff appellee.
Jones & Jones, Rockingham, for defendant appellant.
WINBORNE, Justice.
The assignments of error presented by appellants on this appeal are founded upon exception to the signing of the judgment from which the appeal is taken. Such assignment of error raises only the questions as to (1) whether the facts found by the judge of Superior Court support the judgment, and (2) whether error in matters of law appear upon the face of the record. Simmons v. Lee, 230 N.C. 216, 53 S.E.2d 79; Culbreth v. Britt Corp., 231 N.C. 76, 56 S.E.2d 15, and cases there cited. See also State v. Black, 232 N.C. 154, 59 S.E.2d 621. It does not bring up for review the findings of fact or challenge the sufficiency of the evidence upon which they are based. Town of Burnsville v. Boone, 231 N.C. 577, 58 S.E.2d 351; Bailey v. McPherson, 233 N.C. 231, 63 S.E.2d 559, and cases cited, and numerous others.
Within the purview of these principles, appellant states and debates in this Court three questions of law:
1. Does the return of the sheriff entered on the summons show service of it on defendant?
2. Was defendant doing business in the State of North Carolina?
3. Was Al Chaliff a proper person upon whom service on defendant, a corporation, could be had?
We hold that each question merits an affirmative answer.
In this connection it is appropriate, at the outset, to note certain pertinent statutory provisions.
"An action against a corporation created by or under the law of any other state or government may be brought in the superior court of any county in which the cause of action arose, or in which the corporation usually did business, or has property, or in which the plaintiffs, or either of them, reside, * * * By a resident of this state, for any cause of action." G.S. § 1-80(1).
Moreover, every corporation having property or doing business in this State, whether incorporated under its laws or not, shall have an officer or agent in this State upon whom process in all actions or proceedings against it can be served. G.S. § 55-38.
A summons in a civil action must be directed to the sheriff, or other proper officers of the county or counties in which the defendants, or any of them, reside or may be found; and it must command the sheriff or other proper officer to summon the defendant, or defendants, to appear and answer, etc. G.S. § 1-81.
"The officer to whom the summons is addressed must * * * serve it by delivering a copy thereof to each of the defendants." G.S. § 1-94.
The manner of delivering summons, if the action be against a corporation, shall be to, among others, the "managing or local agent thereof"; and "Any person receiving or collecting money in this state for a corporation of this or any other state or government is a local agent for the purpose of this section"; but "such service can be made in respect to a foreign corporation only when it has property, or the cause of action arose, or the plaintiff resides, in this state, or when it can be made personally within the state upon the president, treasurer or secretary thereof." G.S. § 1-97(1).
These statutes prescribe how the sheriff shall make service, and his duty as to the manner of discharging it. And when the sheriff returns that he has "served" the summons, this implies that he has discharged his official duty in that respect, that is, that he has served it according to law. Strayhorn v. Blalock, 92 N.C. 292, 293; McDonald v. Carson, 94 N.C. 497, 498; Isley v. Boon, 113 N.C. 249, 18 S.E. 174; State v. Moore, 230 N.C. 648, 55 S.E.2d 177, 178.
In the Moore case, supra, Barnhill, J., considering a sheriff's return on a sci. fa., pertinently stated: "`Served' implies service as by law required. * * * So then the return `served', or as here, `served on Tar Heel Bonding Company * * *', *419 signed by the officer in his official capacity is sufficientat least prima facieto show service."
Testing the return, now being considered, by the provisions of the statutes, and decisions of this Court, expressly service was made on each defendant. And since there is only one defendant, State Sewing Machine Corporation, and since Al Chaliff is not a defendant, the service on him was manifestly in his capacity as an agent of the corporation.
On the other hand, appellant, while conceding that the summons commands the sheriff to serve the defendant, contends that the return does not show service of it on defendant, and purports to show only service on the individual named. In support of this position, appellant cites and relies upon the cases of Plemmons v. Southern Improvement Co., 108 N.C. 614, 13 S.E. 188 and Hassell v. Daniels' Roanoke River Line Steamoat Co., 168 N.C. 296, 84 S.E. 363.
These cases, however, are clearly distinguishable from, and inapplicable to the case in hand.
In the Plemmons case, supra, the summons commanded the sheriff to summon "A. H. Bronson, president of the Southern Improvement Co.", and it was so served. The Court held the service was legal only as to the individual, and that the superadded words "President, etc." were a mere descriptio personae, as would be the words "Jr." or "Sr.". A similar situation was involved in the Hassell case. Also the case of Hogsed v. Pearlman, 213 N.C. 240, 195 S.E. 789, cited by appellant is distinguishable.
Passing to the second question: On the facts found, was defendant doing business in the State of North Carolina so as to render it amenable to process in the courts of the State?
The phrase "doing business in the State" has been the subject of consideration in several decisions of this Court with respect to statutes relating to service of process on foreign corporations. In Ivy River Land & Timber Co. v. National Fire & Marine Ins. Co., 192 N.C. 115, 133 S.E. 424, 426, it is said: "no all-embracing rule as to what is `doing business' has been laid down. The question is one of fact, and must be determined largely according to the facts of each individual case, rather than by the application of fixed, definite, and precise rules."
Also in Commercial Inv. Trust Co. v. Gaines, 193 N.C. 233, 136 S.E. 609, 610, we find these expressions: "It has been generally held that a foreign corporation cannot be held to be doing business in a state and therefore subject to its laws, unless it shall be found as a fact that such corporation has entered the state in which it is alleged to be doing business, and there transacted, by its officers, agents, or other persons authorized to act for it, the business in which it is authorized to engage by the state under whose laws it was created and organized. The presence, within the state, of such officers, agents, or other persons, engaged in the transaction of the corporation's business, with citizens of the state, is generally held as determinative of the question as to whether the corporation is doing business in the state", citing Ivy River Land & Timber Co. v. National Fire & Marine Ins. Co., supra, and other cases.
And in Ruark v. Virginia Trust Co., 206 N.C. 564, 174 S.E. 441, 442, the Court declared: "The expression `doing business in this State,' as used in C.S. § 1137, means engaging in, carrying on, or exercising, in this state, some of the things, or some of the functions, for which the corporation was created." The statute C.S. 1137 is now G.S. § 55-38 hereinabove cited.
See also the case of C. T. H. Corp. v. Maxwell, Com'r of Revenue, 212 N.C. 803, 195 S.E. 36, in which the term "doing business", as used in statute imposing corporate franchise tax, is treated.
Moreover, the case of St. Louis Southwestern R. Co. v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 247, 57 L.Ed. 486, the Supreme Court of the United States had this to say: "This court has decided each case of this character upon the facts brought before it, and has laid down no all-embracing rule by which it may be determined what constitutes the doing of business by *420 a foreign corporation in such manner as to subject it to a given jurisdiction. In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, and in which it is bound to appear when a proper agent has been served with process."
Measuring the facts found in the present case by these principles, it is clear that defendant was engaging in, carrying on, and exercising in this State some of the functions for which it was created, which are of such character and extent as to warrant the inference that it has subjected itself to the jurisdiction and laws of the State of North Carolina in which it is served.
The third question then arises: Was the service of summons upon a proper agent of defendantwithin the meaning of the term "managing or local agent" as used in the process statute G.S. § 1-97 (1)?
This Court has held that the words in the statute "any person receiving or collecting moneys within this state for or on behalf of any corporation of this or any other state or government shall be deemed a local agent for the purposes of this section", Code 217, now G.S. § 1-97 (1), are not intended to limit service to such class of agents, but to extend the meaning of the word "agent" to embrace them; that the authority to receive money, of itself, constitutes the one so authorized a local agent, but this is not the exclusive test of agency. Copland v. American De Forest Wireless Telegraph Co., 136 N.C. 11, 48 S.E. 501; Whitehurst v. Kerr, 153 N.C. 76, 68 S.E. 913, 914.
In the Whitehurst case, supra, Hoke, J., speaking to the subject of the meaning of the term "local agent" as used in Rev. 440(1) now G.S. § 1-97(1), gave this summary: "While there is some apparent conflict of decision in construing these statutes providing for service of process on corporations arising chiefly from the difference in the terms used in the various statutes on the subject, the cases will be found in general agreement on the position that in defining the term `agent' it is not the descriptive name employed, but the nature of the business and the extent of the authority given and exercised which is determinative, and the word does not properly extend to a subordinate employe without discretion, but must be one regularly employed having some charge or measure of control over the business intrusted to him or of some feature of it, and of sufficient character and rank as to afford reasonable assurance that he will communicate to his company the fact that process has been served upon him."
To like effect are Blades Lumber Co. v. Finance Co. of America, 204 N.C. 285, 168 S.E. 219; McDonald Service Co. v. People's Nat. Bank, 218 N.C. 533, 11 S.E. 2d 556.
Applying these principles to the facts found in this case, we concur in the ruling that Al Chaliff was a "managing or local agent" of defendant within the purview of G.S. § 1-97(1), on whom process could be served in the State of North Carolina at the time summons was served.
Hence the judgment below is
Affirmed.