EMMETT FRANKLIN CULBRETH ET AL. v. W. C. CAISON ET AL.

(Filed 7 January, 1942.)

1. **Wills § 34a—Will held to devise only life estate to devisees with remainder to their children.**

   After devising certain specific property, by a second item testator devised the remainder of his real estate (which included the *locus in quo*) to his children, and by a third item devised the specific property in controversy to his children for life with remainder to their children, with provision that if any child should die without issue, his share should go to his living brothers and sisters or the living children of any deceased brother or sister, *per stirpes. Held:* Although the second item, standing alone, is sufficient to devise the fee to testator's children, an intent to convey an estate of less dignity as to the property specifically set out in item three appears from the language of such item, C. S., 4162, and therefore as to the lands described in item three the children of testator took only a life estate, and, upon actual partition of the lands among testator's children, a deed of trust executed by one of them on the lands allotted to him could convey only a life estate in such property as security and, after such devisee's death, his children are entitled to the lands as against the purchasers by *mesne* conveyances from the purchaser at the foreclosure of the instrument executed by the life tenant.

2. **Wills § 33f—Held: Power of disposition was restricted to conveyance to other children of testator and limited to conveyance of life estate.**

   Testator devised the *locus in quo* to his children for life with remainder to their children with power of disposition to each child to convey his share to any one or more of testator's children in fee simple, but

stipulated that a child purchasing the share of another should hold the land purchased for life with remainder in fee to his children. *Held:* The power of disposition restricted to conveyance to other children of testator, standing alone, would enable each child to convey to the other children in fee, but the restricted power of disposition, which was annexed to a life estate, was further limited to the conveyance of a life estate with remainder to the grantee's children, and therefore a child purchasing the share of another child took by such conveyance only a life estate.

**3. Wills § 31—**

The cardinal consideration in the interpretation of wills is to ascertain and give effect to the intent of testator.

APPEAL by defendants from *Hamilton, Special Judge,* at June Term, 1941, of SAMPSON.

Civil action in ejectment.

The case was heard on facts agreed; a jury trial was waived, and the matters at issue were submitted to the court for final determination and adjudication.

The title and right to possession of two tracts of land—a 49-acre tract and a 50-acre tract (mentioned in the record as "the 100-acre tract")— are at issue. The plaintiffs claim title under the will of their grand-father, Thomas Neill Culbreth, who died in 1903. The plaintiffs are the children of L. L. Culbreth, who died intestate in 1937.

The defendants claim under foreclosure in 1932 of indemnity deed of trust given by L. L. Culbreth and wife to M. T. Britt, Trustee, and subsequent *mesne* conveyances.

From judgment for the plaintiffs, the defendants appeal, assigning error.

*Howard H. Hubbard for plaintiffs, appellees.*
*W. H. Fisher and J. Abner Barker for defendants, appellants.*

STACY, C. J. On the hearing, the case was made to turn on the con-struction of the following items in the will of Thomas Neill Culbreth, late of Sampson County, this State:

"Item 1. I give and devise to my beloved children by my first wife to wit: Amelia W. Underwood, L. L. Culbreth, Anna A. Culbreth, Rosa B. Martin, Mary Ellen Owen, Willie E. Culbreth, my one half interest in the home tract commonly called the Owenville tract, upon which I now reside containing about 300 acres. I give this tract to these children exclusively because it was originally purchased with the money of their mother.

"Item 2. I give and devise all the remainder of my real estate wher-ever located to all my children share and share alike. My said children namely by my first wife are set out in Item one, and James Benton

Culbreth, my child by my present wife, is to share equally with my other children in all my property except that set out in the first item.

"Item 3.  I give and devise to all my children, share and share alike my lands near Bethel Church in Sampson County, known as the Cornelius Culbreth place, which includes also the original Cornelius Culbreth lands bought from O. P. White, containing about 600 acres, to hold to each one of them in equal parts for the lifetime of each one and when each one of my said children shall die his or her share in this tract of land shall descend and become the property of said dead child's child or children or issue of children.  But if there shall be no living child or living issue of such child, then the share of such dead child shall pass to the living brothers and sisters of such dead child or living children of any deceased brother or sister.  And the inheritance devolution under this item shall be *per stirpes,* not *per capita.*  But each one of my said children shall have full right and power to convey their share to any other one or more of my said children in fee simple, but such purchasing child or children shall hold the part of his tract so purchased for life with remainder in fee to the children of said purchaser subject to the same principle of inheritance and devolution hereinbefore set out."

The property here in controversy is a part of the "Cornelius Culbreth place," specifically mentioned by the testator in Item 3 of his will.  It is to be noted that the language of Item 2 is also broad enough to cover it.  But more of this anon.

Following the death of the testator and the probate of his will, a special proceeding was duly instituted by his children for partition in kind of the lands devised to them.  In this proceeding, L. L. Culbreth, one of the sons of the testator and father of the plaintiffs, was allotted a 49-acre tract, which is a part of "the 100-acre tract" in controversy, and Amelia Underwood, one of the daughters of the testator, was allotted a 50-acre tract, which goes to make up the other part of "the 100-acre tract" in controversy.

Thereafter, on 5 February, 1905, Amelia Underwood sold to her brother, L. L. Culbreth, the 50-acre tract which had been allotted to her, and she and her husband executed deed therefor sufficient in form to convey a fee simple with full covenants of title and warranty.

In 1929, L. L. Culbreth and wife executed a deed of trust on both tracts—now regarded as a single tract of 100 acres—to secure a loan of $1,200 from the Atlantic Life Insurance Company.  At the same time, L. L. Culbreth and wife executed a second deed of trust on the same property to indemnify The Britt Corporation against any loss by reason of its guaranty of the notes held by the Insurance Company.  This indemnity deed of trust was foreclosed in 1932, and the defendants claim under *mesne* conveyances from the purchaser at the foreclosure sale.

Two questions, then, arise on the record:

First. What estate did L. L. Culbreth take in the 49-acre tract allotted to him under the provisions of his father's will? The trial court answered "a life estate," and we approve.

It is true that had the testator stopped at the end of the second item in his will, the devise therein of all the remainder of his real estate to his children would have been in fee simple. It is provided by C. S., 4162, that when real estate is devised to any person, the same shall be held and construed a devise in fee simple, unless such devise shall, in plain and express language show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. *Jolley v. Humphries*, 204 N. C., 672, 169 S. E., 417. Here, it does appear from Item 3 of the will, that, in respect of the "Cornelius Culbreth place," the testator intended to convey an estate of less dignity than a fee simple. *Roberts v. Saunders*, 192 N. C., 191, 134 S. E., 451. That is to say, in this item of the will the testator devises the property in question to his children for life with restricted power of disposal and remainder to their children. *Hampton v. West*, 212 N. C., 315, 193 S. E., 290. This takes the "Cornelius Culbreth place" out of the provisions of Item 2 of the will, and specifically limits the devises therein to the provisions of Item 3 of the will. *Shuford v. Brady*, 169 N. C., 224, 85 S. E., 303. The decision in *Barco v. Owens*, 212 N. C., 30, 192 S. E., 862, cited and relied upon by defendants, is not at variance with the position here taken. The provisions of the will there under consideration are quite different from the ones here presented for construction.

It follows, therefore, that in respect of the 49-acre tract allotted to L. L. Culbreth under the provisions of his father's will, only a life estate was vested in the first taker, and that the indemnity deed of trust under which the defendants claim, conveyed no more than this life estate.

Second. What estate did L. L. Culbreth acquire in the 50-acre tract under the deed from his sister? The trial court answered "a life estate," and we cannot say there is error in the ruling.

Much of what is said in answer to the question first above propounded applies with equal pertinency here. The two are measurable by the same standards. While Amelia Underwood took only a life estate in the 50-acre tract allotted to her under the provisions of her father's will, the devise is coupled with the power to convey to one or more of her brothers or sisters in fee simple, but it is further provided that such purchasing brother or sister shall hold the land so purchased for life with remainder in fee to his or her children. Had the testator stopped after annexing to the life estate the restricted power of disposal, no doubt a conveyance in fee could have been made in pursuance of such power. *Smith v.*

GUARANTY CO. *v.* MOTOR EXPRESS.

*Mears,* 218 N. C., 193, 10 S. E. (2d), 659; *Chewning v. Mason,* 158 N. C., 578, 74 S. E., 357. But immediately the testator added that "such purchasing child or children shall hold the part . . . so purchased for life with remainder in fee to the children of said purchaser," etc. This, then, clearly shows that it was not the intention of the testator to annex to the life estate an unlimited power to sell in fee simple. It is to be noted that this limited power of disposal is annexed to a life estate, and not to an indefinite or general devise. *Smith v. Mears, supra.* The testator's use of the words "descend" and "inheritance devolution" and their repetition in slightly different form may appear to be somewhat pedantic, nevertheless his intent is not especially difficult of discernment. After all, this is the real quest in the interpretation of wills. *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356.

The correct result seems to have been reached in the court below.

Affirmed.