Civil action to recover on conditional sales contract with ancillary remedy of claim and delivery.
It is alleged that on 18 September, 1948, the defendant executed to the Attleboro Motor Sales of Attleboro, Mass., conditional sales contract or title-retained note and chattel mortgage on one Chevrolet Business Coupe, 1947 Model, for $2,176.96, payable in monthly installments of $71.54, and containing acceleration clause in case of default in any monthly payment; that on the same day this conditional sales contract was duly assigned to the plaintiff.
It is further alleged that except for one monthly payment, the defendant has made no further payment on her note and mortgage. Wherefore, the plaintiff demands judgment for the total balance due and for possession of the mortgaged property.
The defendant admitted the execution of the conditional sales contract, or note and mortgage, but denied that there had been any breach of its terms on her part.
On the other hand, she alleged by way of counterclaim, that on 2 November, 1948, she was involved in a wreck with a truck on Highway No. 301 in Nash County, N.C., and that in conformity with the provisions of the "Nationwide Travel Emergency Certificate" issued to her by the plaintiff at the time of purchase of the car, she reported the wreck to the manager of plaintiff's Raleigh, N.C., office who advised her, in response to her specific inquiry, to withhold further payments on the purchase contract until the repairs to her car could be adjusted with the insurance company; that in violation of these instructions, the plaintiff instructed the repair shop not to release defendant's car until the entire balance due on the purchase price of the car was paid, and instituted this action, which has resulted in great loss and damage to the defendant, wherefore, damages both actual and punitive were demanded.
The plaintiff demurred to the counterclaim on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment was entered on the pleadings for the plaintiff. From these rulings, the defendant appeals, assigning errors. *Page 656 
The damages alleged in defendant's answer, of which she may properly complain, do not appear to have accrued prior to the institution of the present action, hence it would seem that the demurrer to the counterclaim was properly sustained. Finance Corp. v. Lane,221 N.C. 189, 19 S.E.2d 849.
However, the answer does contain allegations, which, if true, would defeat the plaintiff's present right to invoke the acceleration clause of the contract. Thus, judgment on the pleadings should have been withheld. It is true, the defendant has not pressed this position in her brief, but she appeals from the judgment and it appears to be erroneous on the face of the record.
Error and remanded.