WILLIE E. CULBRETH, INDIVIDUALLY, AND WILLIE E. CULBRETH, EXECU-
TRIX OF THE ESTATE OF D. W. CULBRETH, DECEASED, V. THE BRITT
CORPORATION.

(Filed 9 November, 1949.)

**1. Appeal and Error § 40a—**

A sole assignment of error that the court erred in signing the judgment
appealed from presents only whether the facts agreed support the judg-
ment and whether error appears on the face of the record.

**2. Deeds § 17: Judgments § 29—**

Where grantors in the *mesne* conveyances are given notice by the ulti-
mate grantee of an action contesting his title and are called upon to come
in and defend the action in accordance with their respective covenants
and warranties, they are bound by the adjudication of want of fee simple
title in the ultimate grantee, and are concluded as to all defenses which
could have been set up in that action.

**3. Deeds § 17—**

Where successive grantors are bound by judgment that the ultimate
grantee acquired only an estate *pur outre vie*, by reason of notice and
demand upon them to come in and defend the action instituted by persons
claiming the fee, and thereafter the grantee recovers against his imme-
diate grantor on the covenant and warranty of title, such grantor may
recover in turn against his grantor, and it is immaterial that no notice was
given him of the first action for breach of warranty, since not this judg-
ment, but the judgment against the ultimate grantee established failure
of title by which he is concluded.

APPEAL by defendant from *Nimocks, J.,* at May Term, 1948, of
SAMPSON (Judgment signed 17 May, 1949, out of term by agreement).

Civil action instituted 9 July, 1946, to recover for alleged breach of
warranty of title to certain tract of land in Sampson County, North
Carolina—the same being composed of the two tracts of land, one con-
taining 49 acres and the other 50 acres, designated in combination as
100 acres, which were the subjects of controversy in the action entitled
*Culbreth v. Caison,* heard in this Court on appeal,—the decision being
reported in 220 N.C. 717, 18 S.E. 2d 136, to which this action is a sequel.

The agreed statement of facts on which this action was heard in Supe-
rior Court incorporated substantially the same facts as those stipulated in
the said former action as disclosed by the record on the said appeal.
That appeal involved the interpretation of Items 1, 2 and 3 of the will
of Thomas Neill Culbreth,—particularly Item 3 which related to the
Cornelius Culbreth place, of which the property there in controversy is
a part.

The court there held, summarily stated, that Thomas Neill Culbreth
(who died testate in 1903), under the terms of his will, devised the prop-

erty in question to his children for life with restricted power of disposal and remainder to their children; that, therefore, in the proceeding for partition of said property in kind among his children, including his son, L. L. Culbreth, and his daughter, Amelia Underwood, instituted 30 March, 1904, and concluded 20 May, 1904, his son, L. L. Culbreth, took only a life estate in respect of the 49-acre tract allotted to him, and Amelia Underwood took only a life estate in respect of the 50-acre tract allotted to her; that the devise being coupled with the power to convey to one or more of the brothers or sisters in fee simple, and providing that such brother or sister shall hold the land so purchased for life with remainder in fee to the purchaser's children, L. L. Culbreth, by the deed from his sister Amelia Underwood and her husband, dated 5 February, 1905, and conveying the said 50-acre tract, acquired only a life estate therein, with remainder to his children; and that, hence, L. L. Culbreth and his wife, by the indemnity deed of trust, that is, the deed of trust dated 22 April, 1929, by which they conveyed said land to M. T. Britt, Trustee, to indemnify the Britt Corporation, *cestui que trust,* against any loss by reason of its guaranty of the payment of certain notes, under which deed of trust, by *mesne* conveyance, the defendants there claimed, conveyed no more than this life estate of L. L. Culbreth.

And, in this connection, these facts also appear:

1. That the said deed of trust from L. L. Culbreth and wife to M. T. Britt, Trustee, is second to a prior deed of trust executed by them, conveying the same land, as security for certain notes, the payment of which is guaranteed by the Britt Corporation, and contains (1) power of sale in case of default in payment as there specified, and (2) covenants of seizin, right to convey, freedom from other encumbrances, and "that they will warrant and forever defend their said title to said premises against the lawful claims of all persons."

2. That on or about 2 February, 1932, M. T. Britt, Trustee as aforesaid, pusuant to the power of sale contained in said deed of trust, foreclosed the same, and executed and delivered a trustee's deed to the purchaser at such sale, The Britt Corporation, purporting to convey said lands.

3. That thereafter on 23 December, 1933, The Britt Corporation, for a valuable consideration, to wit, $1,600.00 paid to it by D. W. Culbreth and wife, Willie E. Culbreth, conveyed the said 100 acres to D. W. Culbreth and wife, Willie E. Culbreth as tenants by the entirety, by deed sufficient in form to convey whatever title the Britt Corporation owned in the said land, which deed contained *habendum* and covenants as follows: "To HAVE AND TO HOLD the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said D. W. Cul-

breth and Willie Culbreth, and their heirs and assigns, to their only use and behoof forever.

"And the said The Britt Corporation, for itself and its heirs, executors and administrators, covenant with said D. W. Culbreth and Willie Culbreth and their heirs and assigns that it is seized of said premises in fee simple; that the same are free and clear from all encumbrances, and that it does hereby forever warrant and will forever defend the said title to the same against the claims of all persons whomsoever."

4. That on 21 November, 1935, D. W. Culbreth and wife, Willie E. Culbreth, for a valuable consideration of $2,000.00 to them paid by W. C. Caison, executed their deed to him, purporting, and in sufficient form to convey said lands in fee simple, and containing specific *habendum* and covenants of like effect to those above quoted from the deed of The Britt Corporation to them. That Willie E. Culbreth, wife of D. W. Culbreth, is a sister of L. L. Culbreth and a daughter of Thomas Neill Culbreth— and is named in Item 1 of the latter's will.

5. That on 26 February, 1940, Emmett Culbreth and others, children of L. L. Culbreth, who died intestate 19 March, 1937, instituted an action in Superior Court of Sampson County against said W. C. Caison and his wife, Nellie Caison, to recover possession of said 100-acre tract of land, and were therein adjudged to be the owners of said lands. And on appeal to the Supreme Court of North Carolina the judgment of Superior Court was affirmed by opinion filed 7 January, 1942, and reported in 220 N.C. 717, 18 S.E. 2d 136, recited hereinabove. And that thereupon W. C. Caison was ousted and dispossessed of said land.

6. That in April, 1941, during the pendency of the action described in the last preceding paragraph, "W. C. Caison caused notice of the pendency of said action, the cause of action stated therein, and to come in and defend the same in accordance with their covenants and warranty, to be served by the Sheriff of Sampson County upon Janie Culbreth (widow of L. L. Culbreth, deceased), The Britt Corporation, and Willie E. Culbreth, individually and as executrix of the estate of D. W. Culbreth, deceased, but neither of said parties so notified ever came in and became a party to said action or defended said action, nor did either of them contribute anything whatever in defense thereof."

7. That on 20 February, 1943, said W. C. Caison brought an action in Superior Court of Sampson County against said Willie E. Culbreth, individually and as executrix of the estate of D. W. Culbreth, to recover his loss and damages by reason of the breach of their warranty to him of the title to said 100-acre tract of land,—by the failure of such title as result of the said action against him by the children of L. L. Culbreth, to wit, $1,950.00 with interest, costs and attorney's fee expended in defending said action. And that on 17 August, 1943, this claim of W. C.

Caison was settled by Willie E. Culbreth, individually and as executrix of the estate of D. W. Culbreth paying to him the sum of $2,926.67, together with costs of the action, and a consent judgment effectuating the settlement was entered in said action by consent of attorneys for plaintiff and for defendants.

"That neither The Britt Corporation nor said Janie Culbreth was served with any notice of the pendency of said action, nor made parties thereto, nor did either of them contribute in any way to the defense of said action, and so far as the record disclosed neither of them knew of the pendency of said action."

8. That "the present action was commenced 9 July, 1946, wherein the plaintiffs . . . demand judgment against the defendant The Britt Corporation upon the contract of warranty of title and seizin upon the part of The Britt Corporation in the sale of the lands in controversy to D. W. Culbreth and wife, Willie E. Culbreth, and by reason of the breach of said warranty . . . their damages . . . the sum of $1550 with interest, being the purchase money with interest paid by them to The Britt Corporation for said land . . . the further sum of $300 attorney's fee and $68.05 costs reimbursed by them to said W. C. Caison, and the cost of this action."

When the cause came on for hearing in Superior Court, a jury trial being waived, and it being agreed that the presiding judge might hear and determine the cause and enter judgment herein out of term, out of the county, and out of the Judicial District, on the agreed statement of facts, the presiding judge being of opinion that, by reason of the notice of the pendency of action by the children of L. L. Culbreth against said W. C. Caison, served on The Britt Corporation and the present plaintiffs in this action, The Britt Corporation and the present plaintiffs are bound by the record and judgment in said action whereof they were notified; and being of the further opinion that upon the agreed facts that plaintiffs are entitled to recover of the defendant as thereinafter set out, entered judgment on 17 May, 1949, that plaintiffs recover of defendant $1,918.05 with interest and costs to be taxed, etc.

Defendant appeals therefrom to Supreme Court and assigns error.

*J. Abner Barker and Faircloth & Faircloth for plaintiffs, appellees.*
*Butler & Butler for defendant, appellant.*

WINBORNE, J.   The only assignment of error presented on this appeal is that the court erred in signing the judgment set out in the record. This assignment of error raises only the questions (1) as to whether the agreed facts, on which the trial judge acted, support the judgment, and (2) whether error in matters of law appears upon the face of the record.

*Simmons v. Lee,* 230 N.C. 216, 53 S.E. 2d 79, and cases cited. See also *Van Hanford v. McSwain,* 230 N.C. 229, 53 S.E. 2d 84; *Employment Security Comm. v. Roberts,* 230 N.C. 262, 52 S.E. 2d 890; *Credit Corp. v. Roberts,* 230 N.C. 654, 55 S.E. 2d 85; *Parker v. Duke University,* 230 N.C. 656, 55 S.E. 2d 189; *Henderson County v. Johnson,* 230 N.C. 723, 55 S.E. 2d 502.

Defendant, in brief filed in this Court, contends that the judgment from which appeal is taken is erroneous in many aspects, and states ten questions as being involved,—nine of which it debates at length. In the main these contentions are predicated upon the premise that defendant is not bound by the judgment rendered in *Culbreth v. Caison,* 220 N.C. 717, 18 S.E. 2d 136. This assumption is untenable. See *Jones v. Balsley,* 154 N.C. 61, 69 S.E. 827; *Cover v. McAden,* 183 N.C. 641, 112 S.E. 817.

The pertinent principles of law are stated by this Court in the *Cover case* in opinion by *Adams, J.,* in this manner: "In the modern law a covenant of warranty is treated as an agreement of the warrantor to make good by compensation in money any loss directly caused by failure of the title which his deed purports to convey. It is not always essential to the grantee's right of action on the covenant that he should give his covenantor notice to come in and defend the title. But if no notice is given, the covenantee, in his suit against the covenantor for breach of warranty, does not make out a *prima facie* case by showing judgment and eviction, he must show, in addition, that he was evicted under a paramount title, unless the covenantor was a party to the suit that brought about the eviction. 15 C.J. 1265, Sec. 97. In *Jones v. Balsley, supra, Walker, J.,* approved the doctrine stated in *Carroll v. Nodine,* 41 Oregon, 412, to this effect: 'Before an indemnitor can be expected to defend, he must have reasonable notice of the pendency of the suit or action by which he is to be bound, and afforded an opportunity to participate in or interpose such defense as he may desire; and it is only by complying with such conditions that the party to be indemnified can estop the indemnitor to controvert the matter anew in an action against him upon the indemnity contract or obligation.' And the Court concludes 'that the great weight of authority in England and in this country is to the effect that it is sufficient to conclude the vendor by the judgment if he is made constructively a party by substantial notice to come in and defend his title, and that it is not necessary that he be actually a party to the suit,' " citing *Jones v. Balsley, supra.*

In the present case it is specifically agreed as a fact that W. C. Caison, the defendant there, caused notice of the action and its purpose to be given to the parties who are now the plaintiffs and the defendant in the present action, and called upon them to come in and to defend the action in accordance with their covenants and warranties. Thus the decision in

*Culbreth v. Caison, supra,* establishes the failure of title and concludes both plaintiff and defendant on all defenses to the action which could have been pleaded there. *Gibbs v. Higgins,* 215 N.C. 201, 1 S.E. 2d 554, and cases cited. Indeed, the defenses pointed out by defendant in this action are, in the light of the agreed facts, not tenable.

And the parties agree that pursuant to the judgment in *Culbreth v. Caison, supra,* W. C. Caison was evicted from the land in question to which the warranty of title relates.

Furthermore, the facts agreed show that the amount for which the action of W. C. Caison was settled by the defendants there, who are the plaintiffs here, is the purchase price plus interest, attorney's fee and costs,—the measure of damages as to which there seems to be no controversy. It was not necessary that The Britt Corporation, defendant here, be given notice of the action which W. C. Caison brought against his immediate covenantor, the plaintiffs in the present action. For defendant's liability on the warranty contained in its deed to the plaintiffs here resulted by the failure of title which was declared by the judgment in *Culbreth v. Caison, supra,* by which it is concluded. And the plaintiffs here, having satisfied the damage sustained by W. C. Caison, are in position to recover of defendant here on the warranty of title made in its deed to the plaintiffs—by the measure of damages applied. See *Williams v. Beeman,* 13 N.C. 483; *Markland v. Crump,* 18 N.C. 94.

Other contentions as to error in the judgment below have been given due consideration, and are held to be without merit.

Hence the judgment below is

Affirmed.