TROY LUMBER COMPANY, A CORPORATION, v. STATE SEWING MACHINE CORPORATION.

(Filed 11 April, 1951.)

**1. Appeal and Error § 6c (3)—**

A sole exception to the signing of the judgment presents only whether the facts found by the trial judge support the judgment and whether error in matters of law appear upon the face of the record, and does not bring up for review the findings of fact or challenge the sufficiency of the evidence upon which they are based.

**2. Process § 12—**

The sheriff's return raises the implication that the process was served according to law.

**3. Process § 7—**

> Where the summons commands the sheriff to serve defendant corporation, the sheriff's return of service on "Al Chaliff—Service Mgr. for State Sewing Machine Corp." is service on the corporation and not on the service manager individually.

**4. Process § 8d—**

> A foreign corporation engaged in the business of contracting for the manufacture of sewing machine cabinets which it sells to its customers, entered into contracts with two North Carolina companies for the manufacture of the cabinets and had two full time agents here for the purpose of inspecting cabinets manufactured here and looking after its business within the State. *Held:* The foreign corporation was doing business in this State so as to subject it to the jurisdiction of our laws and render it amenable to process here.

**5. Process § 8a—**

> Whether an officer or employee of a foreign corporation is an agent upon whom process may be served within the purview of G.S. 1-97 (1) is to be determined by the nature of the business and the extent of the authority given to and exercised by such person, and under the statute a process agent is not limited to agents with authority to receive money on behalf of the corporation, but extends to those persons regularly employed here who have some charge or measure of control over the business sufficient in character to afford reasonable assurance of notice to the corporation.

**6. Same—**

> A foreign corporation maintained a full time employee here to look after and manage the business of the corporation in this State with authority to settle, adjust, manage and compromise the very subject matter of the action. *Held:* Such employee is a "managing or local agent" of the corporation within the purview of G.S. 1-97 (1) upon whom process in an action against the corporation may be served.

APPEAL by defendant from *Phillips, J.,* holding courts of 15th Judicial District, in Chambers at Rockingham, 3 February, 1951.

Civil action instituted by Troy Lumber Company, a North Carolina Corporation, against State Sewing Machine Corporation, a corporation organized and existing under the laws of the State of New York, to recover for alleged breach of contract for the manufacture of sewing machine cabinets, etc.

Summons in the action was issued, under seal, to sheriff of Forsyth County by Clerk of Superior Court of Montgomery County, on 30 November, 1950, and was returned by said sheriff, bearing this endorsement: "Received Nov. 30, 1950. Served Nov. 30, 1950 by delivering a copy of the within summons, a copy of the application for extension of time to file complaint and a copy of the order extending the time for filing com-

plaint, to each of the following defendants: 'Al Chaliff—Service Mgr. for State Sewing Machine Corp.' Fee, $1.00 pd. E. G. Shore, Sheriff Forsyth County, By: Jack Gough, D.S."

The State Sewing Machine Corporation, in due time thereafter, entered a special appearance and moved "to vacate and dismiss the purported service of summons and process in this cause, and to that end, and solely for that purpose" set forth in summary the following: That it is a corporation organized and existing under the laws of the State of New York, and is a sales organization with its only office located at 11 W. 42nd Street in the city, county and State of New York; and that it has done nothing to render it amenable to process under statutes of North Carolina.

When the motion so made by defendant came on for hearing before judge holding courts of Fifteenth Judicial District, it was "heard out of Montgomery County and out of term by consent upon the written motion filed, the answer of the plaintiff used as an affidavit, the complaint filed in this cause, summons, return, order extending time to file complaint, order continuing the hearing on the motion from the January Term of the Superior Court of Montgomery County to this hearing, affidavits, and other evidence and exhibits as appear in the record," and the judge made findings of fact substantially these:

That plaintiff is a corporation organized and existing under the laws of the State of North Carolina, with its principal office and place of business in Troy, Montgomery County, North Carolina;

That defendant is a corporation organized and existing under the laws of the State of New York, with an office and place of business in the city of New York, and "engaged in manufacturing and selling sewing machine cabinets to its customers, and so far as the evidence discloses had no manufacturing plant in New York, or elsewhere, except its contract manufacturers in North Carolina"; and "that in order to carry out its corporate functions and the purposes for which it was evidently formed, its duly constituted officers and agents came to North Carolina and entered into a contract with plaintiff herein to manufacture sewing machine cabinets, the terms and conditions of said contract being as set forth in the complaint filed herein"; and that in addition thereto it also entered into a contract with Winston Manufacturing Company, of Forsyth County, North Carolina, for the manufacture of sewing machine cabinets, similar in terms to the said contract entered into with the plaintiff;

That the said contract between plaintiff and defendant was entered into orally on 10 September, 1950, as result of negotiations had at Troy, North Carolina, between the presidents of the two corporations;

That the terms and conditions of the contract are these: Plaintiff would convert its manufacturing plant to the manufacture of sewing machine cabinets for defendant, and upon such conversion would manu-

facture 12,000 of them of specified models upon order and according to specifications of defendant for fixed price f.o.b. Troy, North Carolina; and would do the work at its plant, and furnish all labor and material in connection with such manufacture, except defendant would furnish the sewing machine motors, knee switches and lights,—the knee switches to be installed by plaintiff, but the motors and lights to be packed in separate cartons and included in the cartons in which the cabinets were to be packed for shipment; "that defendant would procure, employ and furnish an inspecting agent" at plaintiff's plant "with express authority as such agent, servant and employee of the defendant to inspect, accept, or reject all cabinets manufactured by the plaintiff, and that upon inspection and acceptance by said agent, the cabinets would be deemed in all and every respect and detail in accordance with all requirements and specifications, and such would constitute irrevocable acceptance of the cabinets by the defendant, and that they should be immediately shipped to customers of the defendant, and upon such shipment, title would immediately pass to defendant and it would therefore become liable, and would honor sight draft for the cabinets;

That pursuant to the contract plaintiff converted its plant, as it had agreed, and defendant appointed M. L. Page as its inspecting agent, and plaintiff manufactured, and after their inspection and acceptance by said inspecting agent, M. L. Page, and on orders furnished to it by said M. L. Page, shipped 96 cabinets on 26 October, 1950, to Charlotte, North Carolina, 75 cabinets on same day to St. Louis, Mo., and 146 two days later to Brooklyn, N. Y.;

That plaintiff drew sight drafts on defendant for the contract price of cabinets so shipped, but defendant refused to honor same and to pay plaintiff;

That in addition to the above numbers of cabinets, plaintiff manufactured others;

That from 23 September, 1950, to 23 November, 1950, the Winston Manufacturing Company manufactured under the terms of its contract with defendant and delivered to defendant f.o.b. Winston-Salem, N. C., 530 sewing machine cabinets; and at the times set forth in plaintiff's complaint, defendant had two full-time employees looking after its business operations in North Carolina, making, accepting, and shipping cabinets;

That at the time the summons was served on Al Chaliff on 30 November, 1950, he was not only admitted to be an employee of defendant but was also the "Managing Agent" and "Business Agent" of defendant,— "having been sent to North Carolina to look after and to manage its general business in North Carolina, . . . and instructed to settle, adjust, manage for defendant's benefit and compromise the very subject matter

of this action, and . . . clothed with exclusive supervision and control over defendant's business operations in North Carolina, and particularly with the differences existing between plaintiff and defendant, . . . with authority to exercise his independent judgment and discretion in connection with defendant's business operations and contract obligations with plaintiff," and, therefore, he was an employee, "business agent" and "managing agent" of defendant while in North Carolina, and, when summons was served on him, was of such rank, position and duties as to come within the provisions of G.S. 1-97, subsection 1, and to meet the reasonable requirements of North Carolina statutes so as to make it reasonably certain that service of summons upon him would result in notice to defendant, which the record shows did actually result.

The court further found as facts that defendant has property in Montgomery County, North Carolina, consisting of sewing machine motors, knee controls and plugs and lights of approximate value of $5,000; and that plaintiff's alleged cause of action arose in said county.

Upon the facts found, the judge held as a matter of law that the service of summons herein challenged by defendant is legal, valid and binding upon defendant.

And, from judgment in accordance therewith, and dismissing the motion, defendant appeals to Supreme Court and assigns error.

*David H. Armstrong for plaintiff, appellee.*
*Jones & Jones for defendant, appellant.*

WINBORNE, J.   The assignments of error presented by appellants on this appeal are founded upon exception to the signing of the judgment from which the appeal is taken.   Such assignment of error raises only the questions as to (1) whether the facts found by the judge of Superior Court support the judgment, and (2) whether error in matters of law appear upon the face of the record. *Simmons v. Lee*, 230 N.C. 216, 53 S.E. 2d 79; *Culbreth v. Britt Corp.*, 231 N.C. 76, 56 S.E. 2d 15, and cases there cited.   See also *S. v. Black*, 232 N.C. 154, 59 S.E. 2d 621.   It does not bring up for review the findings of fact or challenge the sufficiency of the evidence upon which they are based. *Burnsville v. Boone*, 231 N.C. 577, 58 S.E. 2d 351; *Bailey v. McPherson, ante*, 231, and cases cited, and numerous others.

Within the purview of these principles, appellant states and debates in this Court three questions of law:

1. Does the return of the sheriff entered on the summons show service of it on defendant?

2. Was defendant doing business in the State of North Carolina?

3. Was Al Chaliff a proper person upon whom service on defendant, a corporation, could be had?

We hold that each question merits an affirmative answer.

In this connection it is appropriate, at the outset, to note certain pertinent statutory provisions.

"An action against a corporation created by or under the law of any other State or government may be brought in the Superior Court of any county in which the cause of action arose, or in which the corporation usually did business, or has property, or in which the plaintiffs, or either of them, resides, by a resident of this State for any cause of action." G.S. 1-80 (1).

Moreover, every corporation having property or doing business in this State, whether incorporated under its laws or not, shall have an officer or agent in this State upon whom process in all actions or proceedings against it can be served. G.S. 55-38.

A summons in a civil action must be directed to the sheriff, or other proper officers of the county or counties in which the defendants, or any of them, reside or may be found; and it must command the sheriff or other proper officer to summon the defendant, or defendants, to appear and answer, etc. G.S. 1-89.

"The officer to whom the summons is addressed must . . . serve it by delivering a copy thereof to each of the defendants." G.S. 1-94.

The manner of delivering summons, if the action be against a corporation, shall be to, among others, the "managing or local agent thereof"; and "any person receiving or collecting money in this State for a corporation of this or any other State or government is a local agent for the purpose of this section"; but "such service can be made in respect to a foreign corporation only when it has property, or the cause of action arose, or the plaintiff resides, in this State, or when it can be made personally within the State upon the president, treasurer or secretary thereof." G.S. 1-97 (1).

These statutes prescribe how the sheriff shall make service, and his duty as to the manner of discharging it. And when the sheriff returns that he has "served" the summons, this implies that he has discharged his official duty in that respect, that is, that he has served it according to law. *Strayhorn v. Blalock,* 92 N.C. 293; *McDonald v. Carson,* 94 N.C. 498; *Isley v. Boon,* 113 N.C. 249, 18 S.E. 174; *S. v. Moore,* 230 N.C., 648, 55 S.E. 2d 177.

In the *Moore case, supra, Barnhill, J.,* considering a sheriff's return on a *sci. fa.,* pertinently stated: " 'Served' implies service as by law required. So then the return 'Served' or as here 'Served on Tar Heel Bonding Company' . . . signed by the officer in his official capacity is sufficient—at least *prima facie*—to show service."

Testing the return, now being considered, by the provisions of the statutes, and decisions of this Court, expressly service was made on each defendant. And since there is only one defendant, State Sewing Machine Corporation, and since Al Chaliff is not a defendant, the service on him was manifestly in his capacity as an agent of the corporation.

On the other hand, appellant, while conceding that the summons commands the sheriff to serve the defendant, contends that the return does not show service of it on defendant, and purports to show only service on the individual named. In support of this position, appellant cites and relies upon the cases of *Plemmons v. Improvement Co.,* 108 N.C. 614, 13 S.E. 188, and *Hassell v. Steamboat Co.,* 168 N.C. 296, 84 S.E. 363.

These cases, however, are clearly distinguishable from, and inapplicable to the case in hand.

In the *Plemmons case, supra,* the summons commanded the sheriff to summon "A. H. Bronson, President of the Southern Improvement Company," and it was so served. The Court held the service was legal only as to the individual, and that the super-added words "President, etc." were a mere *descriptio personae,* as would be the words "Jr." or "Sr." A similar situation was involved in the *Hassell case.* Also the case of *Hogsed v. Pearlman,* 213 N.C. 240, 195 S.E. 789, cited by appellant is distinguishable.

Passing to the second question: On the facts found, was defendant doing business in the State of North Carolina so as to render it amenable to process in the courts of the State?

The phrase "doing business in the State" has been the subject of consideration in several decisions of this Court with respect to statutes relating to service of process on foreign corporations. In *Timber Co. v. Ins. Co.,* 192 N.C. 115, 133 S.E. 424, it is said: "No all-embracing rule as to what is 'doing business' has been laid down. The question is one of fact, and must be determined largely according to the facts of each individual case, rather than by the application of fixed, definite and precise rules."

Also in *Trust Co. v. Gaines,* 193 N.C. 233, 136 S.E. 609, we find these expressions: "It has been generally held that a foreign corporation cannot be held to be doing business in a State, and therefore subject to its laws, unless it shall be found as a fact that such corporation has entered the State in which it is alleged to be doing business, and there transacted, by its officers, agents or other persons authorized to act for it, the business in which it is authorized to engage by the State under whose laws it was created and organized. The presence within the State of such officers, agents or other persons, engaged in the transaction of the corporation's business with citizens of the State, is generally held as determinative of the question as to whether the corporation is doing business in the State," citing *Timber Co. v. Ins. Co., supra,* and other cases.

And in *Ruark v. Trust Co.,* 206 N.C. 564, 174 S.E. 441, the Court declared: "The expression 'doing business in this State' as used in C.S. 1137, means engaging in, carrying on, or exercising in this State, some of the things, or some of the functions, for which the corporation was created." (The statute C.S. 1137 is now G.S. 55-38 hereinabove cited.)

See also the case of *C. T. H. Corp. v. Maxwell, Commr. of Revenue,* 212 N.C. 803, 195 S.E. 36, in which the term "doing business," as used in statute imposing corporate franchise tax, is treated.

Moreover, the case of *St. Louis S. W. R. Co. v. Alexander,* 227 U.S. 218, 33 S. Ct. 245, 57 L. Ed. 486, the Supreme Court of the United States had this to say: "This Court has decided each case of this character upon the facts brought before it, and has laid down no all-embracing rule by which it may be determined what constitutes the doing of business by a foreign corporation in such manner as to subject it to a given jurisdiction. In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, and in which it is bound to appear when a proper agent has been served with process."

Measuring the facts found in the present case by these principles, it is clear that defendant was engaging in, carrying on, and exercising in this State some of the functions for which it was created,—which are of such character and extent as to warrant the inference that it has subjected itself to the jurisdiction and laws of the State of North Carolina in which it is served.

The third question then arises: Was the service of summons upon a proper agent of defendant—within the meaning of the term "managing or local agent" as used in the process statute G.S. 1-97 (1)?

This Court has held that the words in the statute "any person receiving or collecting money within this State for or on behalf of any corporation of this or any other State or government shall be deemed a local agent for the purpose of this Section," Code 217, now G.S. 1-97 (1), are not intended to limit service to such class of agents, but to extend the meaning of the word "agent" to embrace them; that the authority to receive money, of itself, constitutes the one so authorized a local agent, but this is not the exclusive test of agency. *Copland v. Telegraph Co.,* 136 N.C. 11, 48 S.E. 501; *Whitehurst v. Kerr,* 153 N.C. 76, 68 S.E. 913.

In the *Whitehurst case, supra, Hoke, J.,* speaking to the subject of the meaning of the term "local agent" as used in Rev. 440 (1) now G.S. 1-97 (1), gave this summary: "While there is some apparent conflict of decision in construing these statutes providing for service of process on corporations arising chiefly from the difference in the terms used in the various statutes on the subject, the cases will be found in general agree-

ment on the position that in defining the term agent it is not the descriptive name employed, but the nature of the business and the extent of the authority given and exercised which is determinative, and the word does not properly extend to a subordinate employee without discretion, but must be one regularly employed, having some charge or measure of control over the business entrusted to him, or of some feature of it, and of sufficient character and rank as to afford reasonable assurance that he will communicate to his company the fact that process has been served upon him."

To like effect are *Lumber Co. v. Finance Co.,* 204 N.C. 285, 168 S.E. 219; *Service Co. v. Bank,* 218 N.C. 533, 11 S.E. 2d 556.

Applying these principles to the facts found in this case, we concur in the ruling that Al Chaliff was a "managing or local agent" of defendant within the purview of G.S. 1-97 (1), on whom process could be served in the State of North Carolina at the time summons was served.

Hence the judgment below is
Affirmed.