22425

AETNA CASUALTY & SURETY COMPANY, Respondent v.
Grover GOLIGHTLY, Appellant.

(338 S. E. (2d) 153)

Supreme Court

*Claude R. Dunbar*, Spartanburg, *for appellant.*

*Reginald L. Foster* of *Holcombe, Bomar, Wynn & Gunn*, Spartanburg, *for respondent.*

Submitted Nov. 20, 1985.

Decided Dec. 16, 1985.

CHANDLER, Justice:

This case involves an action for indemnification. The Circuit Court ordered certain defenses stricken on the ground they are irrelevant. We affirm.

## FACTS

Grover Golightly, a home builder, applied to Aetna Casualty and Surety Company (Aetna) for a $10,000 license bond. The bond was required to be given to the South Carolina Residential Home Builders Commission (RHBC) by S. C. Code Ann. § 40-59-70 (1976).

The application required Golightly to indemnify Aetna for any losses incurred on the bond. The bond was expressly conditioned upon Golightly's compliance with RHBC rules and regulations.

Golightly constructed a defective house in Spartanburg County. At a Rule to Show Cause hearing, RHBC found Golightly liable to the homeowner and revoked his license. Based upon the record, Golightly did not appeal the RHBC ruling.

RHBC called upon Aetna, as surety, to correct the deficiencies. Aetna then brought this action against Golightly for indemnification.

Golightly's answer contains eight defenses challenging the constitutionality of RHBC and its regulations.[1] The Cir-

---

[1] Golightly contends the regulations promulgated by RHBC unconstitutionally seek to adopt building codes for all of South Carolina.

cuit Court granted Aetna's motion to strike these defenses on the ground they are irrelevant to Golightly's liability under the surety contract.

## ISSUE

The single issue we determine is whether Golightly may assert the unconstitutionality of RHBC and its regulations as a defense in this action.

We hold that he may not.

## I. COLLATERAL ESTOPPEL

Where an indemnitor *has notice of the suit in which he is to be bound and has an opportunity to partici-pate and interpose defenses,* the party to be indemnified can *estop* the indemnitor to controvert the matter *anew* in an action against him upon the indemnity contract or obligation. *Culbreth v. Britt Corp.,* 231 N. C. 76, 56 S. E. (2d) 15 (1949).

Here, Golightly was a party to the proceeding in which his liability to the homeowner was established. He had an opportunity, at that time, to interpose the defenses he now asserts and to appeal an adverse ruling. Golightly is collaterally estopped, *in this action,* to deny his liability to the homeowner.

## II. RELEVANCY

Under S. C. Code Ann. § 15-13-440 (1976),[2] irrelevant defenses may be stricken. "A defense is irrelevant when it has no substantial relation to the controversy between the parties to the action, and when the issues formed by its denial can have no connection with, or effect upon, the cause of action." *Olympic Radio and Television, Inc. v. Baker,* 230 S. C. 383, 386-387, 95 S. E. (2d) 636, 637-638 (1956).

The bond application requires Golightly to indemnify Aetna for all sums paid in consequence of its suretyship. It is undisputed that Aetna incurred losses in correcting de-

---

[2] S. C. Code Ann. § 15-13-440 (1976) was in effect at the time Aetna's motion was heard. It was replaced in July, 1985, with South Carolina Rule of Civil Procedure 12(f).

fects in the Spartanburg County house. The defenses asserted have no relevancy in this action, which is upon the indemnity contract.

Accordingly, the Order of the Circuit Court is

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.