DOWAT, INC. v. TIFFANY CORPORATION

No. 8621SC279

(Filed 4 November 1986)

Process § 14— service of process on Secretary of State—no business transacted in North Carolina—service of process insufficient

> Allegations in this case involving property in North Carolina provided sufficient grounds for the trial court to exercise personal jurisdiction over defendant foreign corporation, but service of process on the Secretary of State of North Carolina was insufficient to allow the court to exercise personal jurisdiction over the corporate defendant, since there was no showing that defendant had transacted business in this state without a valid certificate of authority. N.C.G.S. § 1-75.4(6), 55-131(b)(a), 55-144, 1A-1, Rule 4(j)(6).

APPEAL by plaintiff from *Walker, Judge.* Judgment entered 4 November 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 27 August 1986.

This is a civil action instituted by plaintiff, Dowat Inc., on 10 September 1985 against defendant Tiffany Corporation. Plaintiff is a North Carolina corporation. Defendant is a South Carolina corporation. Plaintiff relied upon G.S. 15-144 as authority for the substituted service of a complaint and a set of interrogatories on defendant through the Secretary of State of North Carolina. The interrogatories served upon defendant sought information per-

Dowat, Inc. v. Tiffany Corp.

taining to the extent of defendant's ownership of real property in North Carolina. Defendant was allowed forty-five (45) days from receipt of service to comply with these discovery requests.

In Count I of plaintiff's complaint, plaintiff, *inter alia*, alleged the following:

3. During the years 1975 to the present Eugene M. Doub and Heather Hills Executive Golf Village participated in a scheme through which they embezzled substantial sums of money from the plaintiff herein. This scheme is described with more particularity in the Complaint filed in *Thomas Watts and Dowat Inc. v. Eugene M. Doub and Heather Hills Executive Golf Village, Inc.*, 85CVS1349, Forsyth County, North Carolina, the allegations of which are hereby incorporated by reference as if set forth verbatim.

4. On information and belief, funds misappropriated from Dowat were used to purchase or improve property owned by [Eugene M] Doub and Heather Hills, this property is more particularly described in Exhibit 'A' hereto, which is hereby incorporated herein by reference as if set forth herein verbatim.

5. The above-described property was held by [Eugene M] Doub and Heather Hills in trust for the benefit of the plaintiff to the extent of all of their funds used to purchase and improve the said property together with the profit [Eugene M] Doub and Heather Hills realized as a result of the use of the plaintiff's funds.

6. The constructive trust described hereunder extends to all of the property described above until such a time as the defendant proves that only a portion of the above property is equitably subject to the constructive trust.

7. On information and belief, the Tiffany Corporation acquired the property described above with actual or constructive notice of the constructive trust described herein and, therefore, the above property is held by Tiffany in trust for the benefit of the plaintiff as described herein.

On 14 October 1985, defendant served plaintiff with a copy of its pre-answer motions to dismiss plaintiff's complaint for lack of

Dowat, Inc. v. Tiffany Corp.

jurisdiction over the person (Rule 12(b)(2), N.C. Rules Civ. P.), for insufficiency of service of process (Rule 12(b)(5), N.C. Rules Civ. P.), for failure to state a claim upon which relief may be granted (Rule 12(b)(6), N.C. Rules Civ. P.), and for failure to join a necessary party (Rule 12(b)(7), N.C. Rules Civ. P.). On 24 October 1985, the court granted defendant an extension of time to 15 December 1985 to answer plaintiff's interrogatories. On 31 October 1985, defendant brought on for hearing its aforementioned motion to dismiss. During this hearing defendant objected to plaintiff's attempt at incorporation by reference of the complaint in 85CVS1349 as a violation of Rule 10(c), N.C. Rules Civ. P. The court, after reviewing defendant's motion to dismiss, "advised counsel for plaintiff that the defendant's Motion to Dismiss would be held under advisement until Monday, November 4, 1985, to allow plaintiff sufficient time to make a determination as to whether it wished to take a voluntary dismissal pursuant to the provisions of Rule 41(a), North Carolina Rules of Civil Procedure and thereafter refile the instant action." Plaintiff chose not to take a voluntary dismissal. On 4 November 1985, pursuant to Rules 12(b)(2), (b)(5), (b)(6), and (b)(7), N.C. Rules Civ. P., the court allowed defendant's motion to dismiss plaintiff's complaint. Plaintiff appeals.

*Howard, Howard, Morelock and From, P.A., by John N. Hutson, Jr., for plaintiff appellant.*

*B. Ervin Brown, II, for defendant appellee.*

JOHNSON, Judge.

The first issue we must decide is whether the trial court erred in allowing defendant's motion to dismiss plaintiff's complaint on the basis of insufficiency of service of process and lack of jurisdiction over the person. However, before we discuss the ultimate issue with respect to service of process, relevant precedent, *see Canterbury v. Hardwood Imports*, 48 N.C. App. 90, 268 S.E. 2d 868 (1980) (even though a corporate defendant had actual notice and there was sufficient minimum contacts whereby a North Carolina Court could exercise jurisdiction, substituted service or process on the Secretary of State was improper; therefore, plaintiff's complaint was properly dismissed pursuant to Rule 12(b)(5), N.C. Rules Civ. P.) leads us to believe that a brief discus-

sion of the intricate jurisdictional features of this case is appropriate.

The complaint filed by plaintiff seeks a determination of the parties' interest in real property located in the state of North Carolina. We hold, pursuant to G.S. 1-75.4(6), that the allegations of this case involving local property would have provided sufficient grounds for the trial court to exercise personal jurisdiction over defendant if there had been sufficient service of process. However, due to plaintiff's failure to properly serve process on defendant, there was no basis for the court to constitutionally exercise personal jurisdiction over the foreign corporate defendant in the case *sub judice.* In order for the trial court to exercise jurisdiction there must be proper notice afforded to a defendant. It is undisputed that defendant is a foreign corporation without a certificate of authority to transact business in the state of North Carolina. Rule 4(j), N.C. Rules Civ. P., states the manner of service to exercise personal jurisdiction over defendant as follows:

(j) *Process-Manner of service to exercise personal jurisdiction*

—In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:

. . . .

(6) Domestic or Foreign Corporation—Upon a domestic or foreign corporation:

(a) By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director or managing agent with the person who is apparently in charge of the office; or

(b) By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service or [of] process or by serving process upon such agent or the party in a manner specified by any statute.

(c) By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested ad-

dressed to the officer, director or agent to be served as specified in paragraphs a and b.

Rule 4(j)(6), N.C. Rules Civ. P. Instead of serving process on defendant pursuant to paragraphs (a) and (c), plaintiff construed G.S. 55-144 as authorizing the Secretary of State of North Carolina to be the agent of defendant and served process thereto, pursuant to paragraph (b) of Rule 4(j)(6), N.C. Rules Civ. P. G.S. 55-144 states the following:

> Sec. 55-144. Suits against foreign corporations transacting business in this State without authorization.
>
> Whenever a foreign corporation shall transact business in this State without first procuring a certificate of authority so to do from the Secretary of State . . ., then the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand in any suit upon a cause of action arising out of such business may be served.

G.S. 55-144. For purposes of determining what does not constitute "transacting business," following G.S. 55-144 there is a cross-reference to G.S. 55-131. G.S. 55-131 excludes the following activity from the meaning of "transacting business" for purposes of G.S. 55-144:

> (9) Conducting an isolated transaction completed within a period of six months and not in the course of a number of repeated transactions of like nature.

G.S. 55-131(b)(9).

An explicit prerequisite to the authorization of substituted service of process on the Secretary of State of North Carolina as agent of defendant is that defendant must have transacted business in this state without a valid certificate of authority. The manner in which statutes such as G.S. 55-144 are to be construed has been stated as follows:

> Statutes authorizing substituted service of process, service by publication or other particular methods of service are in derogation of the common law, are strictly construed, and must be followed with particularity.

*Hassell v. Wilson*, 301 N.C. 307, 314, 272 S.E. 2d 77, 82 (1980) (citing *Sink v. Easter*, 284 N.C. 555, 202 S.E. 2d 138 (1974) ). Rele-

vant case law indicates that "transacting business" within this state for purposes of G.S. 55-144 means engaging in, carrying on or exercising in this state some of the functions for which the corporation was created. *See Radio Station WMFR, Inc. v. Eitel-McCullough, Inc.*, 232 N.C. 287, 59 S.E. 2d 779 (1950). *Accord, e.g., Troy Lumber Co. v. State Sewing Machine Corp.*, 233 N.C. 407, 64 S.E. 2d 415 (1951). This is in accordance with the notion that by a foreign corporation doing business in this state there is an acceptance by it of the statutory method of service of process and a recognition of its validity to confer jurisdiction on our courts pursuant thereto. *See State ex rel Anderson-Oliver v. United States Fidelity Co.*, 174 N.C. 417, 93 S.E. 948 (1917). There was a change from the statutory language "doing business," *see* G.S. 55-38, to "transacting business," *see* G.S. 55-144; however, the change from the language in the predecessor to G.S. 55-144 has been viewed as a liberalization of the statute. *See Abney Mills v. Tri-State Motor Transit Co.*, 265 N.C. 61, 143 S.E. 2d 235 (1965). Even so, the complaint set forth *supra*, in the case *sub judice*, is fatally deficient. In *Abney Mills, supra*, this Court held that there are no precise, fixed and definite rules that may be applied to determine if a foreign corporation has transacted business within the meaning of G.S. 55-144. Each case must be determined on its own facts. *Abney, supra. See e.g. United States v. Atlantic Contractors, Inc.*, 231 F. Supp. 356 (E.D.N.C. 1964). The facts of this case support the trial court's judgment that the attempted substituted service of process was improper and insufficient.

Plaintiff next argues that pursuant to Rule 4(d), N.C. Rules Civ. P., it had until 9 December 1985 to cure any defects in the summons by issuance of an alias and pluries summons. Plaintiff contends that the trial court should have merely quashed the summons. We disagree. The issuance of an alias and pluries summons requires no action by the trial court. It is plaintiff's responsibility to cure any defects in an original summons. Defendant's motion to dismiss was before the court and was properly considered. Plaintiff argues that if the court had allowed the issue of jurisdiction to stay open until defendant answered interrogatories then it would have been established that defendant was transacting business in North Carolina. There is nothing in the record on appeal to support such a contention. At first glance the result in the case *sub judice* may appear harsh, but a close reading of the

trial court's order reveals otherwise. At the hearing on plaintiff's motion the trial court advised plaintiff's counsel that the option to take a Rule 41, N.C. Rules Civ. P., voluntary dismissal would remain open until 4 November 1985, and that pursuant thereto, the action could be refiled. This would have afforded plaintiff one year to properly prepare its case. Plaintiff, having chosen to forego this opportunity availed to it by the trial court, may not now be heard to complain of the harshness of the trial court's judgment. Because of our holding that there was insufficient service of process, we need not address plaintiff's remaining assignments of error. For reasons stated hereinabove, the judgment appealed from is

Affirmed.

Judges BECTON and COZORT concur.